IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMONWEALTH CARE ALLIANCE, HEALTH CARE FOR ALL, EMILY FEINBERG, individually and on behalf of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>Defendant. | CIVIL ACTION No. _____<br><br>**05 - 10931** DPↄ |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant Merck & Co., Inc. ("Merck") states the following, in answer to the numbered allegations set forth in the Class Action Complaint of Commonwealth Care Alliance, Health Care for All, and Emily Feinberg, individually and on behalf of persons similarly situated:

1.      Defendant Merck denies every allegation in Paragraph 1 of the Complaint except admits that VIOXX® is the brand name for rofecoxib, that VIOXX® is part of a class of drugs known as NSAIDs, that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

2.      Defendant Merck denies every allegation in Paragraph 2 of the Complaint except admits that the Plaintiffs purport to quote from the referenced documents, but Merck avers that said quotations are taken out of context.

3.      Defendant Merck denies every allegation in Paragraph 3 of the Complaint.

4.      Defendant Merck denies every allegation in Paragraph 4 of the Complaint except admits that the Plaintiffs purport to quote portions of a memorandum written by an

epidemiologist at the FDA and respectfully refers the Court to the referenced memorandum for its actual language and full text. Merck further avers that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

5.      Defendant Merck denies every allegation contained in the first sentence of Paragraph 5 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text. Defendant Merck denies every allegation contained in the remainder of Paragraph 5 of the Complaint.

6.      Defendant Merck denies every allegation in Paragraph 6 of the Complaint except admits that the Plaintiffs purport to quote portions of certain statements and respectfully refers the Court to the referenced statements for their actual language and full context.

7.      Defendant Merck denies every allegation in Paragraph 7 of the Complaint.

8.      Defendant Merck denies every allegation in Paragraph 8 of the Complaint.

9.      Defendant Merck denies every allegation in Paragraph 9 of the Complaint except admits that the Plaintiffs purport to quote the referenced email, but Merck avers that said quote is taken out of context.

10.      Defendant Merck denies every allegation in Paragraph 10 of the Complaint except admits that the Plaintiffs purport to quote from the referenced documents, but Merck avers that said quotes are taken out of context.

11.      Defendant Merck denies every allegation in Paragraph 11 of the Complaint.

12.      Defendant Merck denies every allegation in Paragraph 12 of the Complaint except admits that the Plaintiffs purport to quote a journal article, but Merck avers that said quotes are taken out of context.

13.    Defendant Merck denies every allegation in Paragraph 13 of the Complaint except admits that the Plaintiffs purport to bring claims under the Arizona Consumer Fraud Act and the common law of unjust enrichment, but Merck denies any legal or factual basis for any of the relief sought.

PARTIES

14.    Defendant Merck lacks knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Complaint. Merck further notes that Paragraph 14 alleges that Plaintiff Commonwealth Care Alliance "is third-party payor that paid for Nexium on behalf of its beneficiaries during the Relevant Period" and that Commonwealth Care Alliance "has standing to bring this action on behalf of itself and other third-party payors who paid for Nexium in or purchased in the Commonwealth of Massachusetts. Merck avers that the drug Nexium is manufactured and sold by AstraZeneca Pharmaceuticals LP, and not Merck.

15.    Defendant Merck lacks knowledge sufficient to admit or deny the allegations in Paragraph 15 of the Complaint. Merck further notes that Paragraph 15 alleges that "During the Relevant Period, Glenn Crenshaw purchased Vioxx and was injured by the illegal conduct described in this Complaint. Specifically, he took Nexium for approximately one year . . . As an individual, Glenn Crenshaw pursues this class action on behalf of himself and all those similarly situated." Merck avers that Glenn Crenshaw is not named in the case caption and that Merck does not manufacture the drug Nexium.

16.    Defendant Merck denies every allegation in Paragraph 16 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that Merck is a New

Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

## JURISDICTION AND VENUE

17.    Defendant Merck denies every allegation in Paragraph 17 of the Complaint except admits that the Plaintiffs purport to bring a class action under the common law of Massachusetts.

18.    The allegations in Paragraph 18 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 18 of the Complaint.

19.    The allegations in Paragraph 19 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant Merck denies every allegation in Paragraph 19 of the Complaint.

## FACTUAL ALLEGATIONS

20.    Defendant Merck denies every allegation in Paragraph 20 of the Complaint except admits that VIOXX® is part of a class of drugs known as NSAIDs.

21.    Defendant Merck denies every allegation in Paragraph 21 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX-2).

22.    The allegations in Paragraph 22 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies every allegation contained in said paragraph except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-

selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

23.    The allegations contained in Paragraph 23 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies every allegation contained in said paragraph except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

24.    The allegations in Paragraph 24 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response by deemed required, Merck denies every allegation contained in said paragraph.

25.    The allegations in Paragraph 25 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies every allegation contained in said paragraph except admits that VIOXX® is a selective NSAID.

26.    The allegations in Paragraph 26 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response by deemed required, Merck denies every allegation contained in said paragraph except admits that VIOXX® is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

27.    Defendant Merck denies every allegation in Paragraph 27 of the Complaint.

28.    Defendant Merck denies every allegation in Paragraph 28 of the Complaint except admits that VIOXX® is a selective COX-2 inhibitor, and Merck avers that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

29.    Defendant Merck denies every allegation in Paragraph 29 of the Complaint.

30.    Defendant Merck denies every allegation in Paragraph 30 of the Complaint except admits that the Plaintiffs purport to quote only a portion of the referenced memorandum, but Merck avers that the quoted language is taken out of context.

31.    Defendant Merck denies every allegation in Paragraph 31 of the Complaint except admits that the Plaintiffs purport to quote portions of the referenced email, but Merck avers that the quoted language is taken out of context.

32.    Defendant Merck denies every allegation in Paragraph 32 of the Complaint except admits that the Plaintiffs purport to quote portions of the referenced email, but Merck avers that the quoted language is taken out of context.

33.    Defendant Merck denies every allegation in Paragraph 33 of the Complaint except admits that the Plaintiffs purport to quote portions of the referenced email, but Merck avers that the quoted language is taken out of context.

34.    Defendant Merck denies every allegation in Paragraph 34 of the Complaint except admits that VIOXX® is a selective COX-2 inhibitor and is referred to internally as MK-966.

35.    Defendant Merck denies every allegation in Paragraph 35 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

36.     Defendant Merck denies every allegation in Paragraph 36 of the Complaint except admits that the Plaintiffs purport to quote only a portion of the referenced memorandum, but Merck avers that the quoted language is taken out of context.

37.     Defendant Merck denies every allegation in Paragraph 37 of the Complaint except admits that the Plaintiffs purport to quote certain emails, but Merck avers that said quoted language is taken out of context.

38.     Defendant Merck denies every allegation in Paragraph 38 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

39.     Defendant Merck denies every allegation in Paragraph 39 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

40.     Defendant Merck denies every allegation in Paragraph 40 of the Complaint except admits that the Plaintiffs purport to quote the referenced email, but Merck avers that said quotation is taken out of context.

41.     Defendant Merck denies every allegation in Paragraph 41 of the Complaint.

42.     Defendant Merck denies every allegation in Paragraph 42 of the Complaint.

43.     Defendant Merck denies every allegation in Paragraph 43 of the Complaint.

44.     Defendant Merck denies every allegation in Paragraph 44 of the Complaint except admits that Merck submitted a New Drug Application for VIOXX® on November 23, 1998.

45.     Defendant Merck denies every allegation in Paragraph 45 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved

prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

46.    Defendant Merck denies every allegation in Paragraph 46 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

47.    Defendant Merck denies every allegation in Paragraph 47 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine VIOXX® subject to the information contained in the FDA-approved prescribing information for VIOXX® and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

48.    Defendant Merck denies every allegation in Paragraph 48 of the Complaint.

49.    Defendant Merck denies every allegation in Paragraph 49 of the Complaint.

50.    Defendant Merck denies every allegation in Paragraph 50 of the Complaint except admits that the VIGOR study involving VIOXX® exists and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck further admits that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

51.    Defendant Merck denies every allegation in Paragraph 51 of the Complaint except admits that the Plaintiffs purport to quote the referenced email, but Merck avers that said quotation is taken out of context.

52.     Defendant Merck denies every allegation in Paragraph 52 of the Complaint except admits that the Plaintiffs purport to quote certain portions of statements, but Merck avers that any such statements are taken out of context.

53.     Defendant Merck denies every allegation in Paragraph 53 of the Complaint, except Merck admits that Merck has issued certain statements regarding VIOXX® and respectfully refers the Court to the statement referenced by the Plaintiffs for its actual language and full text.

54.     Defendant Merck denies every allegation in Paragraph 54 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

55.     Defendant Merck denies every allegation in Paragraph 55 of the Complaint.

56.     Defendant Merck denies every allegation in Paragraph 56 of the Complaint.

57.     Defendant Merck denies every allegation in Paragraph 57 of the Complaint.

58.     Defendant Merck denies every allegation in Paragraph 58 of the Complaint.

59.     Defendant Merck denies every allegation in Paragraph 59 of the Complaint.

60.     Defendant Merck denies every allegation in Paragraph 60 of the Complaint.

61.     Defendant Merck denies every allegation in Paragraph 61 of the Complaint except admits that the Plaintiffs purport to quote the referenced memorandum, but Merck avers that said quotations are taken out of context.

62.     Defendant Merck denies every allegation in Paragraph 62 of the Complaint, except admits that Merck trains its professional representatives. Merck further avers that, until Merck announced the voluntary withdrawal of VIOXX® on September 30, 2004, it marketed the

prescription medicine VIOXX®, which was approved by the United States Food and Drug Administration as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

63.    Defendant Merck denies every allegation in Paragraph 63 of the Complaint, except Merck admits that Merck has issued certain statements regarding VIOXX® and respectfully refers the Court to the statement referenced by the Plaintiffs for its actual language and full text.

64.    Defendant Merck denies every allegation in Paragraph 64 of the Complaint.

65.    Defendant Merck denies every allegation in Paragraph 65 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

66.    Defendant Merck denies every allegation in Paragraph 66 of the Complaint except admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

67.    Defendant Merck denies every allegation in Paragraph 67 of the Complaint except admits that the Plaintiffs purport to quote from a press release and respectfully refers the Court to the press release for its actual language and full text.

68.    Defendant Merck denies every allegation in Paragraph 68 of the Complaint.

69.    Defendant Merck denies every allegation in Paragraph 69 of the Complaint except admits that the Plaintiffs purport to quote from a press release and respectfully refers the Court to the press release for its actual language and full text.

70.    Defendant Merck denies every allegation in Paragraph 70 of the Complaint.

71.    Defendant Merck denies every allegation in Paragraph 71 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

72.    Defendant Merck denies every allegation in Paragraph 72 of the Complaint.

73.    Defendant Merck denies every allegation in Paragraph 73 of the Complaint except admits the existence of the journal article and respectfully refers the Court to the referenced document for its actual language and full text.

74.    Defendant Merck denies every allegation in Paragraph 74 of the Complaint except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

75.    Defendant Merck denies every allegation in Paragraph 75 of the Complaint.

76.    Defendant Merck denies every allegation in Paragraph 76 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

77.    Defendant Merck denies every allegation in Paragraph 77 of the Complaint.

78.    Defendant Merck denies every allegation in Paragraph 78 of the Complaint except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the relevant prescribing information for VIOXX® for its actual language and full text. Merck further admits that the Plaintiffs purport to quote portions of a Merck press release regarding the changes approved by the FDA and respectfully refers the Court to the referenced press release for its actual language and full context.

79.    Defendant Merck denies every allegation in Paragraph 79 of the Complaint and respectfully refers the Court to the referenced publication for its actual language and full text.

80.    Defendant Merck states that the allegations in Paragraph 80 of the Complaint are not directed at Merck and therefore no response is required.  Should a response be deemed required, Merck denies knowledge and information of allegations directed at others and denies every allegation directed at Merck in said paragraph.

81.    Defendant Merck denies every allegation in Paragraph 81 of the Complaint.

82.    Defendant Merck denies every allegation in Paragraph 82 of the Complaint except Merck avers that Merck and the FDA presented the Vigor data in February 2001 at a public meeting of the Arthritis Advisory Committee met, and Merck further avers that VIOXX® has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

83.    Defendant Merck denies each allegation in Paragraph 83 of the Complaint except Merck admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

84.    Defendant Merck denies every allegation in Paragraph 84 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

85.    Defendant Merck denies every allegation in Paragraph 85 of the Complaint and admits that the Plaintiffs purport to quote the referenced memorandum, but Merck avers that said quotations are taken out of context.

86.     Defendant Merck denies every allegation in Paragraph 86 of the Complaint except admits that the Plaintiffs purport to quote the referenced document, but Merck avers that said quotations are taken out of context.

87.     Defendant Merck denies every allegation directed at Merck in Paragraph 87 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

88.     Defendant Merck denies every allegation in Paragraph 88 of the Complaint except admits that the Plaintiffs purport to quote the referenced letter, but Merck avers that said quotation is taken out of context.

89.     Defendant Merck denies every allegation in Paragraph 89 of the Complaint except admits that Merck received a letter from Dr. Fries regarding VIOXX® and that the Plaintiffs purport to quote portions of that letter, but Merck avers that any quoted language is taken out of context.

90.     Defendant Merck denies every allegation in the first and second sentences of Paragraph 90 of the Complaint except admits that, upon receipt of the letter from Dr. Fries, Merck conducted a prompt investigation and sent a reply to Dr. Fries on January 23, 2001, underscoring Merck's commitment to free and open scientific debate.  Merck further admits that the Plaintiffs appear to have accurately quoted a portion of the referenced letter but respectfully refers the Court to the referenced letter for its actual language and full text.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 90 of the Complaint.

91.     Defendant Merck denies each and every allegation directed at Merck contained in Paragraph 91 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

92.     Defendant Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 describing comments by individuals not employed by Merck.

93.     Defendant Merck denies every allegation in Paragraph 93 of the Complaint except admits the existence of the journal article and respectfully refers the Court to the referenced document for its actual language and full text.

94.     Defendant Merck denies every allegation in Paragraph 94 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.  Merck further admits that it commenced an action against Dr. Laporte and the Catalan Institute of Pharmacology.

95.     Defendant Merck denies every allegation in Paragraph 95 of the Complaint and respectfully refers the Court to the referenced decision for its actual language and full context.

96.     Defendant Merck denies every allegation in Paragraph 96 of the Complaint.

97.     Defendant Merck denies every allegation in Paragraph 97 of the Complaint except admits that the Plaintiffs purport to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the referenced memorandum for its actual language and full text.

98.     Defendant Merck denies every allegation contained in the first, second and third sentence of Paragraph 98 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to

the referenced announcement for its actual language and full text. Merck further avers that it

announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical

trial there was an increased relative risk for confirmed cardiovascular events beginning after 18

months of treatment in the patients taking VIOXX® compared with those taking placebo and

that, given the availability of alternative therapies and questions raised by the data from that trial,

Merck concluded that a voluntary withdrawal of VIOXX® best served the interests of patients.

Merck denies the allegations contained in the fourth and fifth sentences of Paragraph 98 of the

Complaint except admits that the referenced article exists and respectfully refers the Court to

said article for its actual language and full text.

99.    Defendant Merck denies every allegation in Paragraph 99 of the Complaint except

admits that the referenced article exists and that the Plaintiffs purport to quote portions of said

article, but Merck respectfully refers the Court to the referenced article for its actual language

and full text.

100.    Defendant Merck denies every allegation in Paragraph 100 of the Complaint

except admits that on September 30, 2004 Merck announced the voluntary worldwide

withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its

actual language and full text.

CLASS ALLEGATIONS

101.    Defendant Merck denies every allegation in Paragraph 101 of the Complaint.

102.    The allegations contained in the first sentence of Paragraph 102 of the Complaint

are legal conclusions as to which no responsive pleading is required. Should a response be

deemed required, Defendant Merck denies every allegation contained in said sentence.

Defendant Merck denies every allegation in the second sentence of Paragraph 102 of the

Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Massachusetts Rules of Civil Procedure or Rule 23 of the Federal Rules of Civil Procedure.

103.    Defendant Merck denies every allegation in Paragraph 103 of the Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Massachusetts Rules of Civil Procedure or Rule 23 of the Federal Rules of Civil Procedure.

104.    Defendant Merck denies every allegation in Paragraph 104 of the Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Massachusetts Rules of Civil Procedure or Rule 23 of the Federal Rules of Civil Procedure.

105.    Defendant Merck denies every allegation in Paragraph 105 of the Complaint including subparagraphs (a) – (e) and avers that certification of any class or subclass is not appropriate under Rule 23 of the Massachusetts Rules of Civil Procedure or Rule 23 of the Federal Rules of Civil Procedure.

106.    Defendant Merck denies every allegation in Paragraph 106 of the Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Massachusetts Rules of Civil Procedure or Rule 23 of the Federal Rules of Civil Procedure.

107.    Defendant Merck denies every allegation in Paragraph 107 of the Complaint and avers that certification of any class or subclass is not appropriate under Rule 23 of the Massachusetts Rules of Civil Procedure or Rule 23 of the Federal Rules of Civil Procedure.

FIRST CAUSE OF ACTION:
COMMON LAW FRAUD AND NEGLIGENT MISREPRESENTATION

108.    Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 107 of the Complaint.

109.    Defendant Merck denies every allegation in Paragraph 109 of the Complaint.

110.    Defendant Merck denies every allegation in Paragraph 110 of the Complaint, including subparts (a)-(d).

111.    Defendant Merck denies every allegation in Paragraph 111 of the Complaint.

112.    Defendant Merck denies every allegation in Paragraph 112 of the Complaint.

113.    Paragraph 113 is a request for relief to which no response is required.  Merck requests that any orders, judgments, or awards are warranted in this case.

## SECOND CAUSE OF ACTION
## RESTITUTION/UNJUST ENRICHMENT

114.    Defendant Merck hereby incorporates by reference the preceding specific responses to the allegations in Paragraphs 1 through 113 of the Complaint.

115.    Defendant Merck denies every allegation in Paragraph 115 of the Complaint.

116.    Defendant Merck denies every allegation in Paragraph 116 of the Complaint.

117.    Paragraph 117 is a request for relief to which no response is required.  Merck requests that any orders, judgments, or awards are warranted in this case.

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

## FIRST DEFENSE

Every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH DEFENSE

If the Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through other intervening cause or causes.

## FIFTH DEFENSE

To the extent that the Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH DEFENSE

To the extent that the Plaintiffs assert claims based upon an alleged failure by Merck to warn the Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## SEVENTH DEFENSE

If the Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## EIGHTH DEFENSE

Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## NINTH DEFENSE

If the Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## TENTH DEFENSE

If the Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were proximately caused by the Plaintiffs' misuse or abuse of VIOXX®.

### ELEVENTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### TWELFTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs lack capacity and/or standing to bring such claims.

### THIRTEENTH DEFENSE

The Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### FOURTEENTH DEFENSE

This case is more appropriately brought in a different venue.

### FIFTEENTH DEFENSE

The Plaintiffs' claims of fraud and negligent misrepresentation are barred by reason of the Plaintiffs' failure to allege the circumstances constituting these claims with particularity, as required by Federal Rule of Civil Procedure 9(b).

### SIXTEENTH DEFENSE

The Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

### SEVENTEENTH DEFENSE

The Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

### EIGHTEENTH DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Massachusetts Constitutions.

## NINETEENTH DEFENSE

The public interest and benefit and the availability of such products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to the Plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

## TWENTIETH DEFENSE

At all times relevant herein, any product(s) which are the subject matter of this action processed and distributed by Merck in the state of Massachusetts or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

## TWENTY-FIRST DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

## TWENTY-SECOND DEFENSE

The injuries, damages and/or loss claimed by the Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over whom Merck had no control. Any recovery by the Plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

## TWENTY-THIRD DEFENSE

With respect to every cause of action in the Plaintiffs' complaint, the acts alleged are regulated by the statutes and regulations of the federal government, which preempt all additional or different state laws. Accordingly, the Plaintiffs' claims are preempted in whole or in part by federal law pursuant to the Supremacy Clause of the United States Constitution.

## TWENTY-FOURTH DEFENSE

The Plaintiffs have failed to join indispensable parties required for a proper adjudication of this matter. Furthermore, in the alternative, the alleged injuries and/or losses, if any, of the Plaintiffs and the other members of the putative class, were caused in part by the legal fault and/or negligence of parties other than Merck, over whom Merck had no control and any recovery by the Plaintiffs or other members of the putative class should be apportioned under Massachusetts law.

## TWENTY-FIFTH DEFENSE

The Plaintiffs' Complaint is an improper joinder and an improper accumulation of parties.

## TWENTY-SIXTH DEFENSE

The class as set forth in the Plaintiffs' complaint may not be maintained and is not appropriate or permissible for purposes of litigation.

## TWENTY-SEVENTH DEFENSE

The Plaintiffs' complaint does not set forth an appropriate or ascertainable class.

## TWENTY-EIGHTH DEFENSE

The Plaintiffs' claims may not properly be brought for litigation as a class action because the class is not so numerous that joinder of all members is impracticable.

## TWENTY-NINTH DEFENSE

The Plaintiffs' claims may not properly be brought as a class action because any questions of facts at issue are not common to the class, but rather, are factually specific and will vary dramatically from case to case.

## THIRTIETH DEFENSE

The Plaintiffs' claims may not properly be brought as a class action for litigation purposes because the claims of the representative parties are not typical of the claims of the class.

### THIRTY-FIRST DEFENSE

The Plaintiffs' claims may not properly be brought as a class action for litigation purposes because the proposed class representative Plaintiff cannot adequately represent the class.

### THIRTY-SECOND DEFENSE

The Plaintiffs' claims may not properly be brought as a class action for litigation purposes because each case is fact-specific and there is virtually no greater risk of inconsistent or varying adjudications in these cases than there is in other similar types of lawsuits which are tried separately.

### THIRTY-THIRD DEFENSE

To the extent that the Plaintiffs' lawsuit is not certified as a class action, Merck is informed and believes and upon that ground alleges that the Plaintiffs lack standing because this action has not been brought by a competent Plaintiff for the benefit of injured parties.

### THIRTY-FOURTH DEFENSE

To the extent that the Plaintiffs' lawsuit is not certified as a class action, the Plaintiffs' claims are barred by the due process provisions of the United States Constitution and the Massachusetts Constitution on the ground that Merck will not be accorded protection against multiple suits and duplicative liability.

### THIRTY-FIFTH DEFENSE

With respect to each of the Plaintiffs' claims, all product(s) that are the subject matter of this action were prepared by Merck and provided by Merck, including their labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statutes and regulations; approval of preparation of said product(s) was obtained in compliance with all requirements pertaining to the preparation and/or distribution of such product(s) and was accomplished pursuant to acceptable standards of conduct.

### THIRTY-SIXTH DEFENSE

At all times relevant herein, any product(s) that are the subject matter of this action

processed and distributed by Merck in the State of Massachusetts or in the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

## THIRTY-SEVENTH DEFENSE

To the extent the Plaintiffs' claims and allegations relate to mere puffery that is not misleading to a reasonable person, such claims are not actionable.

## THIRTY-EIGHTH DEFENSE

With respect to every purported cause of action, the Plaintiffs' claims are barred by the doctrine of unclean hands.

## THIRTY-NINTH DEFENSE

Every cause of action asserted in the complaint is barred by the doctrine of laches.

## FORTIETH DEFENSE

With respect to every cause of action, neither the Plaintiffs nor any member of the putative class is entitled to compensatory or general damages.

## FORTY-FIRST DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case and hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, Defendant Merck & Co. respectfully requests that the Plaintiffs take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

MERCK & CO., INC.
By its attorneys:

James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: May 5, 2005

B3029391.1

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing ANSWER was served on May 5, 2005 by regular U.S. mail, upon:

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA  02142
**Counsel for Plaintiffs**