IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COMMONWEALTH CARE ALLIANCE,
HEALTH CARE FOR ALL, EMILY
FEINBERG, individually and on behalf of
persons similarly situated,

         Plaintiffs,

       v.

MERCK & CO., INC.,

         Defendant.

CIVIL ACTION No. 05-CV-10931-DPW

## DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re VIOXX Products Liab. Litig.* (MDL-1657), the MDL proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from VIOXX® (the "VIOXX® cases"). *See* Transfer Order, attached hereto as Exhibit A.

This case is one of many that have been filed recently in both federal and state courts around the country concerning VIOXX®. Merck has provided notice to the JPML, pursuant to J.P.M.L. Rule 7.5, of the pendency of this "tag-along" action. *See* May 10, 2005 Letter of Leslie M. Ballantyne, attached as Exhibit B. Merck expects the Panel to issue a Conditional Transfer Order for this case shortly.

Pending the transfer of this case to the Eastern District of Louisiana, a stay of proceedings is necessary and appropriate to achieve the judicial economies that underlie the

MDL statute, 28 U.S.C. § 1407. Absent a stay, this Court would have to waste time supervising pretrial proceedings and making rulings in a case over which it will likely soon lose jurisdiction — and will probably never see again. Moreover, without a stay, Merck would be significantly and unfairly prejudiced because it would have to duplicate discovery in jurisdictions around the country.

## BACKGROUND

### A.    MDL-1657

On February 16, 2005 the MDL Panel issued a transfer order establishing MDL Proceeding No. 1657, *In re VIOXX Products Liability Litigation*. The Transfer Order directed that the 148 cases subject to original motions be transferred and coordinated for pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon. *See* Transfer Order, Exhibit A. In the Transfer Order, the Panel expressly held that the VIOXX® product liability cases have overlapping questions of fact:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

*Id.* at 2.

The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along actions." *Id.* at 1 n.1. The MDL Panel has been issuing conditional transfer orders transferring additional related cases to Judge Fallon. The first conditional transfer order was issued on March 4 and listed 139 cases,

the second conditional transfer order was issued on March 10 and listed 74 cases, and subsequent

transfer orders have been issued more or less weekly thereafter.

Merck has provided written notice to the MDL Panel of this "tag-along" action in its

most recent letter to the MDL Panel.  *See* Ballantyne Letter, Exhibit B.  Merck expects a

conditional transfer order to be issued by the MDL Panel in this action no later than two weeks

from now.  Assuming the Plaintiffs do not object within the 15-day period contained within the

MDL rules, the transfer order will be filed in Judge Fallon's court upon expiration of the

Plaintiffs' period to object, and the case will be transferred for coordinated pretrial proceedings.[1]

## B.    The Instant Action

On or about February 17, 2005, Plaintiffs commenced this action against Merck by filing

a Complaint in the Suffolk County Superior Court.  The case was assigned the docket number

05-0644.  On April 20, 2005, Merck was served with a copy of Plaintiffs' Complaint, and on

May 5, 2005, Merck answered the Complaint and removed the action to this Court based on

diversity jurisdiction under 28 U.S.C. § 1332.  There is no dispute that this case involves the

same factual inquiries that the Panel notes were present in the VIOXX® cases generally, thereby

warranting coordinated pre-trial proceedings in the Eastern District of Louisiana.  Specifically, it

is clear from the face of the Complaint that this case, like the other VIOXX® cases, focuses on

the increased health risks allegedly caused by the ingestion of VIOXX®, an anti-inflammatory

drug, and whether Merck knew of these increased risks and failed to disclose them to the medical

community and consumers.   For example, the Plaintiffs allege that "Defendant knew Vioxx was

unsafe and increased the risk of adverse cardiovascular events, such as heart attack and stroke, to

---

[1]    There is a separate procedure by which the Plaintiffs may file an objection (and supporting materials) with the MDL Panel, should it choose to oppose the transfer.  The Panel will then set down the objection for consideration at its next hearing session.  Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, however, any opposition the Plaintiffs might raise would almost certainly be futile.

unacceptable levels, but omitted to disclose these facts to doctors and patients until September

2004."  Complaint ¶ 110(b).

In fact, this case makes allegations similar in substance to those raised in the *Saia* class

action, which the plaintiff brought in this Court last October.  *See Saia v. Merck & Co., Inc.*, No.

04-12166-RCL (Oct. 14, 2004) (proposing a class action over fraud claims relating to VIOXX®

ingestion).  The *Saia* case was included in the original MDL Transfer Order and now resides in

the Louisiana coordinated proceedings.

## ARGUMENT

### I.    THIS CASE SHOULD BE STAYED PENDING TRANSFER TO THE MDL

Guided by the "policies of justice and efficiency," this Court should exercise its

discretion to stay all further proceedings here pending the Panel's action.  *Boudreaux v.*

*Metropolitan Life Ins. Co.,* No. 95-CV-138, 1995 WL 83788, *1 (E.D. La. Feb. 24, 1995).  The

power to stay is well established and particularly apt here.  It is "incidental to the power inherent

in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S 248, 254

(1936).  Where the Panel has already decided that coordination is appropriate and has designated

a venue for the coordinated proceedings, a stay is appropriate pending conditional transfer to

those proceedings.  *See New Mexico State Investment Council v. Alexander*, 317 B.R. 440, 446

(D. N.M. 2004); *Mathern v. Wyeth*, No. 04-CV-2116, 2004 WL 1922028, at *1 (E.D. La. Aug.

25, 2004); *Knearem v. Bayer Corp.*, No. 02-CV-2096-CM, 2002 WL 1173551, at *1 (D. Kan.

May 7, 2002); *Jackson v. Johnson & Johnson, Inc*., No. 01-CV-2113-DA, 2001 WL 34048067,

at *6 (W.D. Tenn. Apr. 3, 2001).

Guiding a court's exercise of its prerogative to stay a case, pending the Panel's decision on transfer of an individual action, are (1) considerations of judicial economy and (2) avoidance of conflicting rulings. *Mathern*, 2004 WL 1922028, at *1. As Merck argues below, both of these factors favor granting a stay of this action. The overwhelming majority of courts to have considered the issue have agreed: literally hundreds of VIOXX® cases have been stayed by courts around the country, including the District of Massachusetts, pending MDL coordination. *See Lach v. Merck & Co., Inc.*, No. 05-CV-10583-PBS (D. Mass. Apr. 25, 2005).

These decisions in other VIOXX® cases make clear the necessity of a stay here. For example, in *Denny v. Merck*, the Southern District of Texas court stayed all proceedings over the plaintiffs' objection, holding that "[t]he power to stay all proceedings is well established and particularly apt here." Judge Kent observed there that "[i]t would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL. Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims." *Denny v. Merck & Co., Inc.*, No. G-04-526 (S.D. Tex. Dec. 6, 2004), *see* Abruzzi Decl. ¶ 2, Exhibit A, at 2. *See also Davis v. Merck & Co., Inc.*, No. 04-CV-2937 (E.D. La. Jan. 5, 2005) (minute entry), *see* Abruzzi Decl. ¶ 3, Exhibit B (staying an action because of "the great likelihood that an MDL will be established and this and other related cases transferred."). These concerns are just as pertinent in this action.

### A.    Judicial Economy Mandates a Stay.

Because of the overlapping factual issues and similar legal theories that exist in the VIOXX® cases currently pending in federal court, including this civil action, much work would be needlessly duplicated if pretrial proceedings and discovery continues to go forward on a parallel track with MDL-1657. Moreover, if this Court were not to issue a stay, it would be

making rulings that would likely be reconsidered after this case is transferred to Judge Fallon's court. As the court in *U.S. Bank* noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted." *U.S. Bank, Nat'l Ass'n*, 2002 WL 31114069, at *2. *See also Fontanilles v. Merck & Co., Inc.*, No. 04-CV-22799-HUCK (S.D. Fla. Dec. 14, 2004), *see* Abruzzi Decl. ¶ 4, Exhibit C, at 2 ("Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issue at this time"); *Falick v. Merck & Co., Inc.*, No. 04-CV-3006 (E.D. La. Jan. 3, 2005), *see* Abruzzi Decl. ¶ 5, Exhibit D, at 2 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying the proceedings will serve the interests of judicial economy."). The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *See Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Indeed, Judge Fallon has already issued orders anticipating the transfer of cases like this that will immediately apply upon transfer of the case to his court. *See, e.g., In re VIOXX® Products Liability Litigation*, Pretrial Order #1, attached hereto as Exhibit C, at 1-2 ("This order . . . will also apply to any 'tag-along actions' later filed in, removed to, or transferred to, this Court.").

The Court should also not hold additional status conferences or issue additional discovery orders, because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *See Rivers*, 980 F. Supp. at 1360-61. Moreover, MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the original transferor court. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding the plaintiffs'

causation and regulatory experts under *Daubert*); *In re Propulsid Prods. Liab. Litig.*, 261 F.
Supp. 2d 603 (E.D. La. 2003) (granting the defendant pharmaceutical manufacturer's motion for
summary judgment).  In fact, it is unlikely that this Court will ever see this case again after its
transfer to MDL-1657.  A 2004 report from the Administrative Office of the United States
Courts reveals that fewer than 10% of the cases that have been resolved through MDL treatment
since Congress enacted the MDL statute were ever transferred back to the original transferor
district.  Accordingly, a stay will conserve judicial resources.

In addition to the waste of judicial resources that would follow from proceeding with this
action prior to the inevitable MDL transfer of this case, the necessarily duplicative discovery and
motion practice would substantially prejudice Merck.  *See American Seafood,* 1992 WL 102762,
at *2 (holding that "[t]he duplicative motion practice and discovery proceedings demonstrate that
judicial economy and prejudice to the defendants weigh heavily in favor of a stay").  Plaintiffs
across the country will surely notice the same set of Merck employees and former employees for
deposition.  Without a stay, Merck could well be required to produce these witnesses multiple
times in different jurisdictions.

A stay will not unduly prejudice the Plaintiffs in this action.  First, the stay would work
only a brief postponement in the initiation of discovery, an inconvenience to the Plaintiffs that is
relatively minimal when compared to the prejudice to Merck.  *See Arthur-Magna*, 1991 WL
13725, at *1 (noting that even if a temporary stay can be characterized as a delay prejudicial to
plaintiffs, there are considerations of judicial economy and hardship to defendants that are
compelling enough to warrant such a delay).  Indeed, all of the parties — including the Plaintiffs
here — will benefit from the efficiencies of coordinated pretrial case management.  Second, this
action is not on the eve of trial.  The Plaintiffs served Merck in April, and discovery has not yet

begun.  A short delay in the proceedings at this point in this case, when the Plaintiffs have

expended limited resources to date, is minimally prejudicial to the Plaintiffs, if at all.  The Court

should therefore stay all proceedings in this civil action, pending a determination on the transfer

of this case to the MDL.

**B.**    **Without a Stay, There Is a Risk of Conflicting Rulings Between This Court and the MDL Court**

To avoid the risk of inconsistent substantive legal rulings, pretrial proceedings in this

civil action and other actions should proceed in an orderly, coordinated fashion, as directed by

the single court selected by the MDL panel to coordinate these cases.  *See Mathern,* 2004 WL

1922028, at * 1 ("[A] stay of this case pending transfer to the MDL will promote judicial

efficiency and avoid conflicting rulings."); *Knearem*, 2002 WL 1173551, at * 1 ("Granting a stay

of this litigation avoids the possibility of inconsistent pretrial rulings."); *Shannon v. Merck &*

*Co., Inc.*, No. 03-CV-105-D-B (N.D. Miss. Nov. 29, 2004), *see* Abruzzi Decl., ¶ 6, Exhibit E

("Here the court finds that because the issues involved in this matter are likely to be similar to

other potentially transferred VIOXX cases, the policies of efficiency and consistency of pretrial

rulings will be furthered by the this Court staying these proceedings.").  Accordingly, the Court

should stay these proceedings to ensure the efficient and consistent resolution of pertinent legal

issues before the MDL judge.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to

stay all proceedings in this case pending transfer to the MDL proceeding that has been

established in the Eastern District of Louisiana.

Date:  May 19, 2005.

MERCK & CO., INC.
By its attorneys:

_/s/ Bradley E. Abruzzi_
James J. Dillon (BBO# 124660)
Bradley E. Abruzzi (BBO# 651516)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02110-2600
(617) 832-1000

## CERTIFICATE OF SERVICE

I certify that on May 19, 2005, I e-filed the foregoing DEFENDANT MERCK & CO., INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, causing a copy of said filing to be served automatically upon:

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO LLP
One Main Street, 4th Floor
Cambridge, MA  02142
**Counsel for Plaintiffs**

*/s/ Bradley E. Abruzzi*

# EXHIBIT A

A CERTIFIED TRUE COPY

FEB 1 6 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2005

FILED
CLERK'S OFFICE

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 FEB 17 AM 11: 37

LORETTA G. WHYTE
CLERK

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1657*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A. Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1] Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana. Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district. AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

[*] Judge Motz took no part in the decision of this matter.

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2). These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed. Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Fee: _____
Process _____
_X_ CtRmDep _____
___ Doc. No. _____

- 2 -

A CERTIFIED TRUE COPY

JUL 2 1 1994

[illegible stamp]

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings because motions to remand their actions to state court are pending; plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge *See, e g , In re Ivy*, 901 F 2d 7 (2d Cir 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F Supp 2d 1346, 1347-48 (J.P M.L 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F Smith Patent Litigation*, 407 F.Supp 1403, 1404 (J P M L 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court *In re Mutual Funds Investment Litigation*, 310 F Supp 2d 1359 (J P.M L 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district But we are unwilling, on the basis of the record before us, to make such a determination at this time Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket  Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course  By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation

IT IS THEREFORE ORDERED that, pursuant to 28 U S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E  Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v  Merck & Co , Inc., et al ,* E D  New York, C A  No. 1:01-3441, against Pharmacia Corp , Pfizer Inc., and G D. Searle & Co relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm  Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1657 -- In re Vioxx Products Liability Litigation

**SECT. L MAG. 3**

CASE No. ASSIGNED
EASTERN DIST OF LOUISIANA

#### Middle District of Alabama

| | |
|---|---|
| Paul Turner, Sr. v. Merck & Co , Inc , C.A. No 1:04-999 | 05-0428 |
| Danny M Wilson v. Merck & Co., Inc., C A No 2:03-844 | 05-0429 |

#### Northern District of Alabama

| | |
|---|---|
| Carolyn O Hensley, etc v Merck & Co., Inc , C.A. No. 1:03-906 | 05-0430 |
| William Cook v. Merck & Co , Inc., et al , C A. No. 2:02-2710 | 05-0431 |
| Sharon Scott Jones v Merck & Co , Inc , C A No. 5:04-3079 | 05-0432 |

#### Southern District of Alabama

| | |
|---|---|
| Carolyn Younge, etc v Merck & Co , Inc., et al., C.A No 1:03-125 | 05-0433 |

#### Eastern District of Arkansas

| | |
|---|---|
| Linda Sue Otts v Merck & Co., Inc , C.A No 5:04-57 | 05-0434 |

#### Western District of Arkansas

| | |
|---|---|
| Bobby Brown, et al v. Merck & Co., et al., C.A. No 4:04-4140 | 05-0435 |
| Arthur Fulton, etc v. Merck & Co , Inc , C.A No. 6:03-6107 | 05-0436 |

#### Central District of California

| | |
|---|---|
| Charles Ashman v Merck & Co , Inc , C A. No. 2:04-8225 | 05-0437 |
| Janet Briggs v Merck & Co , Inc., C.A. No. 2:04-9275 | 05-0438 |

#### Northern District of California

| | |
|---|---|
| Kathy Tokes v Merck & Co , Inc , C A No. 3:04-4435 | 05-0439 |
| Patricia A Taylor v. Merck & Co , Inc , C.A No 3:04-4510 | 05-0440 |
| Jeffrey Brass v Merck & Co , Inc , C.A No 3:04-4521 | 05-0441 |

#### Middle District of Florida

| | |
|---|---|
| Frances Dunleavey, et al v Merck & Co , Inc , C.A No 2:04-539 | 05-0442 |

- A2 -

**MDL-1657 Schedule A (Continued)**

SECT. L MAG. 3

### Northern District of Florida

| | |
|---|---|
| *Benjamin Burt, et al  v  Merck & Co., Inc.,* C A No. 3:04-388 | 05-0443 |

### Southern District of Florida

| | |
|---|---|
| *Ellen B. Gerber, et al  v  Merck & Co., Inc,* C A No.: 0:04-61429 | 05-0444 |
| *Josefa Abraham, et al  v. Merck & Co., Inc,* C A. No 1:04-22631 | 05-0445 |
| *Sidney Schneider v  Merck & Co., Inc., et al,* C A .No 1:04-22632 | 05-0446 |
| *Clara Fontanilles v. Merck & Co., Inc., C.A. No. 1:04-22799* | 05-0447 |
| *Stanley Silber, et al  v  Merck & Co., Inc.,* C A No 9:04-80983 | 05-0448 |

### Northern District of Georgia

| | |
|---|---|
| *Richard Zellmer v  Merck & Co., Inc., et al,* C.A. No 1:03-2530 | 05-0449 |
| *Edna Strickland v Merck & Co., Inc,* C.A. No. 1:04-3231 | 05-0450 |

### Northern District of Illinois

| | |
|---|---|
| *Linda Grant, et al  v  Merck & Co., Inc.,* C A No. 1:04-6407 | 05-0451 |
| *Constance Oswald v Merck & Co., Inc,* C.A. No 1:04-6741 | 05-0452 |
| *Anita Ivory v  Merck & Co., Inc,* C A No. 1:04-7218 | 05-0453 |

### Southern District of Illinois

| | |
|---|---|
| *Roberta Walson, etc. v  Merck & Co., Inc.,* C.A. No. 3:04-27 | 05-0454 |
| *John Ellis v. Merck & Co., Inc, et al,* C A No 3:04-792 | 05-0455 |
| *Bilbrey v. Merck & Co., Inc,* C A .No 3:04-836 | 05-0456 |

### Southern District of Indiana

| | |
|---|---|
| *Estate of Lowell D  Morrison v Merck & Co, Inc,* C A No 1:03-1535 | 05-0457 |
| *Kimberly Van Jelgerhuis, et al  v Merck & Co., Inc,* C A No 1:04-1651 | 05-0458 |

### District of Kansas

| | |
|---|---|
| *Vicky Hunter v  Merck & Co, Inc.,* C A No 2:04-2518 | 05-0459 |
| *Betty S  Smith v. Merck & Co., Inc.,* C A No 6:04-1355 | 05-0460 |

- A3 -

MDL-1657 Schedule A (Continued)

**SECT. L MAG. 3**

### Eastern District of Kentucky

| | |
|---|---|
| Daniel K. Williams v Merck & Co., Inc., C.A. No. 2:04-235 | 05-0461 |
| Richard J Getty, et al v Merck & Co., Inc., C.A. No 5:04-452 | 05-0462 |

### Eastern District of Louisiana

Salvadore Christina, Sr v Merck & Co., Inc., C.A. No 2:04-2726
Angelis Alexander v Merck & Co., Inc., C.A No. 2:04-2845
Leonce Davis v. Merck & Co., Inc., C.A. No 2:04-2937
Mary V. Gagola v Merck & Co., Inc., C.A. No 2:04-3053
Christine L Parr v Merck & Co., Inc., C.A No 2:04-3054
Clifton Adam Savage, Sr v. Merck & Co., Inc., C.A. No. 2:04-3055
Delores Thomas Robertson v Merck & Co., Inc., C.A. No. 2:04-3056
Howard Mark Falick v. Merck & Co., Inc., C.A No 2:04-3060
Warren L Gottsegen, M D v Merck & Co., Inc., C.A. No. 2:04-3065

### Middle District of Louisiana

| | |
|---|---|
| Michael Wayne Russell v Merck & Co., Inc., C.A. No. 3:04-712 | 05-0463 |
| Linda Kay Hudson v Merck & Co., Inc., C.A No 3:04-776 | 05-0464 |
| Jesse Wilkinson v Merck & Co., Inc., C.A. No. 3:04-800 | 05-0465 |
| Wilson Brown v Merck & Co., Inc., C.A No 3:04-801 | 05-0466 |
| Dorothy Bracken v Merck & Co. Inc., C.A. No 3:04-802 | 05-0467 |
| James Edward Benoit v Merck & Co., Inc., C.A No 3:04-803 | 05-0468 |
| Clarence Chiszle v Merck & Co., Inc., C.A. No 3:04-804 | 05-0469 |

### Western District of Louisiana

| | |
|---|---|
| Anthony J. Mallet, et al v Merck & Co., Inc., et al., C A No. 2:02-2304 | 05-0470 |
| Calvin Warren, et al v Merck & Co., Inc., C A No 3:04-2110 | 05-0471 |
| Vicki White v Merck & Co., Inc., C.A. No. 3:04-2126 | 05-0472 |
| Norma Merrit, et al. v. Merck.& Co., Inc., C.A No 5:03-1401 | 05-0473 |
| Herchial Wright, et al v Merck & Co., Inc., C A No 5:04-2268 | 05-0474 |
| Leroy Bates, et al v Merck & Co., Inc., C.A. No. 5:04-2269 | 05-0475 |
| Vaughn McKnight v. Merck & Co., Inc., C.A. No 5:04-2270 | 05-0476 |
| Josephine Harper v Merck & Co., Inc., C.A. No. 5:04-2271 | 05-0477 |
| Lendell Burns, et al v Merck & Co., Inc., C.A. No 5:04-2272 | 05-0478 |
| Leona Sadler v Merck & Co., Inc., C A. No 5:04-2273 | 05-0479 |
| William Tice, et al v Merck & Co., Inc., C A No 5:04-2274 | 05-0480 |
| Maynard Butler, et al v Merck & Co., Inc., C.A No 5:04-2275 | 05-0481 |
| Marion Evans, et al v. Merck & Co., Inc., C.A. No. 5:04-2276 | 05-0482 |
| Donna Lavergne v Merck & Co., Inc., C.A No 6:04-2174 | 05-0483 |

- A4 -

**MDL-1657 Schedule A (Continued)**

EXHIBIT 1 PART 3

### District of Maryland

| | |
|---|---|
| *Lindsey Edler, etc. v. Merck & Co , Inc ,* C.A. No 1:03-3612 | 05-0484 |
| *Melvin Biles v. Merck & Co , Inc ,* C A No. 1:04-975 | 05-0485 |
| *David Morris, Jr. v Merck & Co , Inc.,* C.A No 8:04-3024 | 05-0486 |
| *Daniel Martin Jeffers, et al. v. Merck & Co , Inc ,* C.A No 8:04-3604 | 05-0487 |

### District of Massachusetts

| | |
|---|---|
| *Frank R. Saia v Merck & Co , Inc ,* C.A. No. 1:04-12166 | 05-0488 |

### District of Minnesota

| | |
|---|---|
| *Carolyn Y. Glover v. Merck & Co., Inc ,* C A No 0:03-5166 | 05-0489 |
| *Lowell Burris, Jr. v Merck & Co , Inc ,* C.A. No. 0:04-4375 | 05-0490 |
| *Shirley Homister v Merck & Co , Inc.,* C A No. 0:04-4754 | 05-0491 |

### Northern District of Mississippi

| | |
|---|---|
| *Frances Shannon, et al. v. Merck & Co., Inc., et al.,* C A No. 2:03-105 | 05-0492 |

### Southern District of Mississippi

| | |
|---|---|
| *Leona McFarland et al. v. Merck & Co , Inc., et al ,* C A No 2:03-247 | 05-0493 |
| *Bettye J. Magee, et al v Merck & Co , Inc , et al ,* C.A No 2:03-249 | 05-0494 |
| *Jerry Melton v Merck & Co , Inc , et al ,* C.A No 2:04-372 | 05-0495 |
| *Janet Sue Morgan, et al v. Merck & Co., Inc., et al.,* C A No 3:03-435 | 05-0496 |
| *Brenda Price, et al v Merck & Co , Inc , et al ,* C A. No 3:04-866 | 05-0497 |

### Eastern District of Missouri

| | |
|---|---|
| *Deyonne E Whitmore v Merck & Co , Inc ,* C A No 4:03-1354 | 05-0498 |
| *Janice Perkins v. Merck & Co;, Inc ,* C A. No. 4:04-1446 | 05-0499 |
| *Jurhee Bench v Merck & Co , Inc.,* C A. No 4:04-1447 | 05-0500 |

### Western District of Missouri

| | |
|---|---|
| *Caroline Nevels v Merck & Co , Inc , et al.,* C A No 4:04-952 | 05-0501 |
| *Russell Young, etc v Merck & Co.,* C A No. 6:04-5117 | 05-0502 |

- A5 -

MDL-1657 Schedule A (Continued)          SECT. L MAG. 3

### District of New Jersey

| | |
|---|---|
| *Patrick Besaw v Merck & Co , Inc* , C.A No 3:04-5178 | 05-0503 |
| *Brenda Aguero, et al v Merck & Co , Inc* , C.A No 3:04-5341 | 05-0504 |

### Eastern District of New York

| | |
|---|---|
| *Dominick Cain, et al v Merck & Co , Inc , et al.*, C A No. 1:01-3441 | 05-0505 |
| *William Hanson v Merck & Co , Inc.*, C A No 1:04-2949 | 05-0506 |
| *Jerome Covington v. Merck & Co , Inc* , C.A. No 1:04-4439 | 05-0507 |
| *Alan Mell v Merck & Co., Inc* , C.A. No. 1:04-4606 | 05-0508 |
| *Lorraine Fialo v. Merck & Co., Inc* , C.A. No. 1:04-4686 | 05-0509 |
| *Lawrence Wright, et al v Merck & Co , Inc* , C.A No 2:04-4485 | 05-0510 |
| *William Fontanetta, et al. v. Merck & Co , Inc* , C A. No 2:04-4486 | 05-0511 |

### Southern District of New York

| | |
|---|---|
| *Laney C Davis v Merck & Co , Inc* , C A. No. 1:04-8082 | 05-0512 |
| *Elizabeth Aiken v Merck & Co , Inc* , C.A No. 1:04-8085 | 05-0513 |
| *Walter McNaughton v Merck & Co Inc* , C A No. 1:04-8297 | 05-0514 |
| *Carmen M Pagan, et al v Merck & Co , Inc* , C A. No. 1:04-8959 | 05-0515 |
| *Teamsters Local 237 Welfare Fund, et al v Merck & Co , Inc* , C.A. No 1:04-9248 | 05-0516 |
| *Anna Quick v Merck & Co , Inc* , C A. No. 7:04-8169 | 05-0517 |

### Northern District of Ohio

| | |
|---|---|
| *Marjory Knoll v Merck & Co , Inc.*, C.A. No. 1:04-2209 | 05-0518 |
| *Danford K Jones et al. v Merck & Co , Inc* , C.A No 1:04-2217 | 05-0519 |
| JAMES E. *Meadows, et al v Merck & Co., Inc.*, C.A. No 1:04-2229 | 05-0520 |
| *Wanda Moldovan et al v Merck & Co., Inc.*, C.A. No. 1:04-2245 | 05-0521 |
| *Janet Dauterman, et al v Merck & Co , Inc* , C A No 3:03-7623 | 05-0522 |

### Western District of Oklahoma

| | |
|---|---|
| *Paul E House v. Merck & Co., Inc.*, C A No 5:04-1235 | 05-0523 |

### Eastern District of Pennsylvania

| | |
|---|---|
| *Henry Smith, et al v Merck & Co., Inc.*, C A No 2:04-4713 | 05-0524 |
| *Michelle Donovan v Merck & Co., Inc.*, C.A No 2:04-4882 | 05-0525 |
| *Gwendolyn L. Carr v. Merck & Co , Inc* , C.A. No 2:04-4900 | 05-0526 |
| *Fred S Engle v Merck & Co., Inc.*, C.A. No. 2:04-5077 | 05-0527 |
| *Merrick Sirota, et al v Merck & Co , Inc* , C.A No 2:04-5130 | 05-0528 |

- A6 -

**MDL-1657 Schedule A (Continued)**                    **SECT. L MAG. 3**

### District of Puerto Rico

*Rafael Gonzalez-Arias, et al  v  Merck & Co , Inc , C.A  No  3:04-2263*                    05-0529

### District of South Carolina

*Bridget Elaine Michaud, etc  v  Merck & Co., Inc., C A. No  4:03-3083*                    05-0530

### Eastern District of Texas

*Arthur Clifford Hall, et al  v  Merck & Co , Inc., C.A  No  1:04-684*                    05-0531
*Brenda Lewis, et al  v  Merck & Co., Inc , C A. No  1:04-685*                    05-0532
*Billie Painton, et al  v  Merck & Co , Inc , C.A  No  1:04-686*                    05-0533
*Lovincy Richard, et al  v. Merck & Co , Inc., et al , C.A. No. 1:04-703*                    05-0534
*Bill Jolley, et al. v. Merck & Co , Inc , C A. No  2:04-376*                    05-0535
*Marian Williamson, etc  v  Merck & Co , Inc , C A  No  2:04-406*                    05-0536
*Deborah Daley, etc  v  Merck & Co., Inc , et al., C.A  No  6:03-509*                    05-0537

### Northern District of Texas

*Dellas Staples, et al  v  Merck & Co , Inc , et al , C A  No  3:03-180*                    05-0538
*Michael R  Leonard v  Merck & Co , Inc , C A. No  3:04-2157*                    05-0539
*Jack A  Register, et al  v  Merck & Co , Inc , et al , C.A. No. 3:04-2259*                    05-0540

### Southern District of Texas

*Heirs of the Estate of Pablo Flores v. Merck & Co . Inc , et al , C.A. No. 2:03-362*                    05-0541
*Audona Sandoval v. Merck & Co , Inc , C A. No. 2:04-544*                    05-0542
*Jeffrey L. Denny, et al  v  Merck & Co., Inc , C.A  No  3:04-526*                    05-0543
*Kimberly D  Stubblefield, etc  v. Merck & Co., Inc , et al , C A. No. 4:02-3139 .*                    05-0544
*John P  Eberhardt v  Merck & Co , Inc , C.A. No. 4:03-1380*                    05-0545
*Myrtle Louise Bell, et al  v. Merck & Co., Inc., et al , C A  No  4:03-3448*                    05-0546
*Thomas Joseph Pikul, etc  v  Merck & Co , Inc., et al., C A  No  4:03-3656*                    05-0547
*Opalene Stringer, et al  v  Merck & Co., Inc., et al , C A  No  4:03-3657*                    05-0548
*Reginald K  Fears v  Merck & Co , Inc , C.A. No. 4:04-4187*                    05-0549
*Peggy J  Balch v  Merck & Co , Inc , C.A. No. 4:04-4201*                    05-0550
*John R  Stout v  Merck & Co , Inc , C.A. No  4:04-4205*                    05-0551
*Charles C. Gilmore v  Merck & Co., Inc., C.A. No. 4:04-4206*                    05-0552
*Johnny White v  Merck & Co , Inc , C.A. No. 4:04-4207*                    05-0553
*Donna Hale v  Merck & Co , Inc , C A  No  4:04-4208*                    05-0554
*Bernadette Young v  Merck & Co , Inc., C.A. No. 4:04-4209*                    05-0555
*William B  Gregory, Jr. v  Merck & Co., Inc., C.A. No  4:04-4327*                    05-0556

- A7 -

MDL-1657 Schedule A (Continued)

### Southern District of Texas (Continued)

| | |
|---|---|
| *Patricia Benavides, etc. v. Merck & Co., Inc., et al*, C A No 5:03-134 | 05-0557 |
| *Patricia Benavides, etc. v Merck & Co., Inc., et al*, C A No 5:04-153 | 05-0558 |
| *Olga Sanchez v Merck & Co, Inc., et al*, C A No. 7:04-352 | 05-0559 |
| *Maria Emma Hinojosa v Merck & Co, Inc*, C.A. No. 7:04-373 | 05-0560 |

### Western District of Texas

| | |
|---|---|
| *Joe Hopson, etc. v Merck & Co., Inc, et al*, C.A. No 1:04-485 | 05-0561 |
| *Larry Lee Bauman, et al. v Merck & Co., Inc*, C A No. 1:04-707 | 05-0562 |
| *Carolyn Reed etc v Minor, et al*, C A No. 1:04-731 | 05-0563 |

### District of Utah

| | |
|---|---|
| *Della Jo Salt, et al v Merck & Co, Inc*, C A No 2:01-794 | 05-0564 |

### District of Vermont

| | |
|---|---|
| *Sara Cheeseman v Merck & Co  Inc*, C A No 1:04-261 | 05-0565 |

### Western District of Virginia

| | |
|---|---|
| *Catherine Wheatley, etc v Merck & Co., Inc., et al*, C.A. No. 2:04-20 | 05-0566 |

Judicial Panel on Multidistrict Litigatio    Panel Attorney Service List                                    Page 1

Docket: 1657 - In re Vioxx Products Liability Litigation                      **SCHEDULE B**
Status: Transferred on 02/16/2005
Transferee District: LAE     Judge: Fallon, Eldon E                            Printed on 02/16/2005

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Allen Jr T Scott<br>Cruse Scott Henderson & Allen<br>2777 Allen Parkway<br>7th Floor<br>Houston TX 77019 | => Arango M D , Dario*; Dario Arango. M D . P A  dba Arango Family & Industrial Clinic*· Dennis Dr<br>Michael D *; Suderman. D O  Emery L * |
| Americsourcebergen<br>1300 Morris Drive<br>Suite 100<br>Chesterbrook P\ 19087 | => Amerisource Inc ; Amerisourcebergen#; Bergen Brunswig Drug Co # |
| Arsenault Richard J<br>Neblett Beard & Arsenault<br>P O Box 1190<br>Alexandria LA 71309-1190 | => Lavergne Donna |
| Aylstock Bryan F<br>Aylstock Witkin & Sasser P L C<br>55 Baybridge Drive<br>Gulf Breeze FL 32561 | => Price Bobby; Price Brenda |
| Bailey Blake H<br>Bailey Law Firm<br>112 South Broadway<br>Tyler TX 75702 | => Bailey Jerlene*; Ford. James*; Harrington John*; Hollandsworth James*; Irvin Barbara*; Jolley<br>Bill*; Morrison. Ethel*· Smith Shirley*; Williams James*; Young David* |
| Barkley Steven C<br>3560 Delaware<br>Suite 305<br>Beaumont TX 77706 | => Hall (Ind /Rep 'Est -Margaret Isabel) Arthur Clifford; Hall  Eliot: Hall  Frank Harold |
| Barrett David A<br>Boies Schiller & Flexner LLP<br>570 Lexington Avenue<br>16th Floor<br>New York NY 10022 | => Cain Alex*; Moss. Bobbie*; Watkins  William* |
| Becnel, Bradley Douglas<br>Law Offices Of Daniel E  Becnel. Jr<br>425 W  Airline Hwy<br>Suite B<br>Laplace LA 70068 | => Savage St  Clifton Adam |
| Becnel Jr Daniel E<br>Law Offices of Daniel E Becnel Jr<br>106 West Seventh Street<br>P O  Drawer H<br>Reserve LA 70084-2095 | => Benoit James Edward; Bracken. Dorothy· Brown Wilson; Chiszle Clarence: Christina. Sr  Salvadore*;<br>Davis Leonce; Falick. Howard Mark; Gagola Mary V ; Hudson  Linda Kay; Parr  Christine L ;<br>Robertson Delores Thomas; Wilkinson. Jesse |
| Bergen Brunswig.<br>P O  Box 959<br>Valley Forge PA 19482 | => Bergen Brunswig Drug Co  dba Amerisourcebergen |
| Berger, C  William<br>Furr & Cohen<br>One Boca Place<br>2255 Glades Road | => Silber Stanley; Silber. Susan |

Note: Please refer to the report title page for complete report scope and key

*(Panel Attorney Service List for MDL 1657 Contin:*                                                                    Page 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Suite 337W
Boca Raton, FL 33431

Birchfield Jr Andy D
Beasley Allen Crow Methvin Portis & Miles
P O Box 4160
234 Commerce Street
Montgomery AL 36103-4160

⇒ Abram Antoinette*; Adams (Behalf-Janet) Eddie William*; Brown (Behalf-Stephen Anthony) Tracy*; Chapman, Eunice*; Cook. William*; Early Reginald*; Eckols Lula*; Eckols Tommy Lee*; Flanagan Geneva L *; Gough, Jerry*; Halbert Josephine*; Harmon Roy*; Holmes Gene*; Hopkins (Behalf-Emma Conner) Willie Mae*; Hudson Camillia Faye*; Johnson. Sharon*; Jones Annie*; Jones, Jessie Lee*; King Tonya Lynn*; Logan Joe W *; Magee. Bettye J *; Maynor Linder*; McFarland Leona*; McMillan Louise*; McNeil Bessie*; Morgan Janet Sue*; Morgan Stephanie*; Moulds (Behalf-Alice Lessie Atchley) Rachel*; Norwood Annie*; Oliver (Behalf-Kenneth Ray) Frances Ann*; Otts Linda Sue*; Parsons Mary*; Payton Eddie William*; Pegues Riella*; Powell, Susie M *; Smith. James*; Starling. Lamont*; Sykes. Melissa*; Tucker Barbara*; Warren James Howard*; Wheatley (Adm /Est -Carl) Catherine*; Wheaton Rosie C *; Younge (Ind /Adm /Est -Charles Marvin) Carolyn*; Zellmer, Richard*

Bradford Reshonda L
Singleton Law Firm
4050 Linwood Ave
Shreveport LA 71108

⇒ Allegretto Fran; Anderson. Comecia; Anderson Frederick; Baylor. Ruthie; Brooks Magaline; Edwards Joe Ree; Garcie Mattie; Hall Calvin; Kersee Mary; Merrit Norma; Netter Carlos; Payne Minnie; Rice Thelma; Upshaw James

Bruno Joseph M
Bruno & Bruno LLP
855 Baronne Street
New Orleans LA 70113

⇒ Alexander Angelis*

Buchanan Virginia M
Levin Papatonio Thomas Mitchell et al
316 South Baylen Street Suite 600
P O Box 12308
Pensacola FL 32501

⇒ Burt Benjamin R ; Burt Shirley

Cabraser Elizabeth J
Lieff Cabraser Heimann & Bernstein. LLP
Embarcadero Center West
275 Battery Street
30th Floor
San Francisco CA 94111-3339

⇒ Aguero. Brenda*; Herke Sherrill*

Carboy Andrew J
Sullivan Papain. Block McGrath & Cannavo
120 Broadway
18th Floor
New York NY 10271

⇒ Fontanetta. Robin; Fontanetta William

Carroll Raymond S
Law Offices Of Weiner.carroll & Strauss
119 Rockland Center
Suite 425
Nanuet NY 10954

⇒ McNaughton Walter*

Colingo Joseph R
Williams Heidelberg et al
P O Box 1407
711 Delmas Avenue
Pascagoula MS 39568-1407

⇒ Stewart Dr Reginald

Cory. Ernest
Cory Watson Crowder & DeGaris P C
2131 Magnolia Avenue

⇒ Fulton (Adm /Est -Rebeka Kayla Schultz) Arthur*; Hensley (Exe /Est -Henry Lee) Carolyn O *

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1 657 Contin*    **Page 3**

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 200<br>Birmingham AL 35205 | |
| Craig Jr C York<br>Craig Hester Luke & Dodson<br>P O Box 12005<br>Jackson MS 39236-2005 | => Columbia Discount Drugs Inc ; Super D #143 |
| Crum Richard E<br>Cobb Shealy Crum & Derrick, P A<br>P O Box 6346<br>Dothan AL 36302-6346 | => Turner Sr Paul* |
| D Amato, Jr John Michael<br>Russo Scamardella & D Amato P C<br>1010 Forest Avenue<br>Staten Island NY 10310 | => Fislo, Lorriane |
| Deters Eric C<br>Eric C Deters & Associates P S C<br>5247 Madison Pike<br>Independence KY 41051 | => Williams Daniel K * |
| Dixon Ivan<br>8413 Edgewood Drive<br>Rowlett TX 75089 | => Dixon, Ivan |
| Eberhardt John P<br>#1083045<br>1100 FM 655<br>Rosharon TX 77583 | => Eberhardt John P |
| Edelman Daniel A<br>Edelman Combs & Latturner LLC<br>120 South LaSalle Street<br>18th Floor<br>Chicago IL 60603 | => Ivory Anita |
| Edmonson, Richard M<br>Armstrong Allen PLLC<br>4450 Old Canton Road<br>Suite 210<br>Jackson MS 39211 | => Fred s Express |
| Fayard, Jr. Calvin C<br>Fayard & Honeycutt<br>519 Florida Avenue, S W<br>Denham Springs LA 70726 | => Russell Michael Wayne* |
| Fears, Reginald K<br>James H Byrd Unit<br>21 FM 247<br>Huntsville TX 77320 | => Fears Reginald K |
| Federman William B<br>Federman & Sherwood<br>120 North Robinson Avenue<br>Suite 2720<br>Oklahoma City OK 73102 | => House, Paul E *; Leonard Michael R * |

*(Panel Attorney Service List for MDL I 657 Contin*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Fiesta Ronald V<br>Kenneth B Moll & Associates Ltd<br>Three First National Plaza<br>50th Floor<br>Chicago IL 60602 | => Chartrand, Larry*; Grant Linda* |
| Flowers R Allen<br>Flowers Law Firm<br>341 North 25th Avenue<br>Hattiesburg MS 39401 | => Willis M D Todd |
| Foster Shawn G<br>Davis, Bethune & Jones LLC<br>1100 Main Street<br>Suite 2390<br>Kansas City MO 64105 | => Bench Jurhee*; Hunter, Vicky* |
| Fox, Dana Casselli<br>Waters & Kraus<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas TX 75204 | => Baldoni, Eugene; Blumfield Travis; Brumfield Travis; Lassig Ashley· Lassig Leonard; Lassig Martha;<br>Pearson Carolyn; Pearson Elizabeth; Smith Carolyn; Smith Eric; Staples Billy; Slaton<br>(Ind /Per /Rep /Heirs/Est -David Wayne) Rosa Linda; Valdone Chip |
| Freese Richard A<br>Sweet & Freese P L L C<br>P O Box 1178<br>Jackson MS 39215 | => Melton Jerry |
| Gallagher Michael T<br>Gallagher Law Firm P C<br>777 Walker Street<br>Suite 2500<br>Houston TX 77002 | => Balch Peggy J * |
| Gancedo Hector O<br>Gancedo & Nieves<br>144 West Colorado Blvd<br>Pasadena, CA 91105 | => Briggs Janet |
| Garcia Ricardo A<br>820 S Main Street<br>McAllen, TX 78501 | => Sanchez Olga* |
| Gibson Mary<br>P O Box 400<br>St Marys GA 31558 | => Gibson, Mary |
| Goldser, Ronald S<br>Zimmerman Reed P L L P<br>651 Nicollet Mall<br>Suite 501<br>Minneapolis MN 55402-4123 | => Dauterman Brock; Dauterman Holly; Dauterman Janet; Dauterman Rod· Dauterman, Ryan; Glover<br>Carolyn Y ; Michaud (Ind /Per /Rep on behalf of the Estate of Andre Adrian Michaud Decedent Andre<br>Adrian Michaud) Bridget Elaine; Whitmore. Deyonne E |
| Goldwasser Andrew S<br>Ciano & Goldwasser<br>460 MK Ferguson Plaza<br>1500 West Third Street<br>Suite 460<br>Cleveland OH 44113 | => Knoll Marjory |

*(Panel Attorney Service List for MDL 1 657 Continu*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Graffeo C Anthony<br>Watson Jimmerson Givhan et al<br>203 Greene Street<br>P O Box 18368<br>Huntsville AL 35804 | => Jones Sharon Scott |
| Griesenbeck, Tim T<br>Plunkett & Gibson<br>Renaissance Plaza, Suite 1100<br>70 N E Loop 410<br>P O Box 795061<br>San Antonio TX 78216 | => Mercy Hospital of Loredo d/b/a Mercy Regional Medical Center |
| Griffith Patricia<br>1045 Evelyn Avenue<br>Clarksdale MS 38614<br>*** Bad Address *** | => Griffith Patricia |
| Guerriero, Jeffrey D<br>Guerriero & Guerriero<br>P O Box 4092<br>Monore LA 71211-4092 | => Warren Calvin; Warren Jessica |
| Harke Lance A<br>Harke & Clasby<br>155 South Miami Avenue<br>Suite 600<br>Miami FL 33130 | => Fontanilles Clara |
| Hebderson Craig D<br>Gary Thomasson Hall & Mark<br>Professional Corp<br>P O Box 2888<br>210 S Carancahua<br>Corpus Christi TX 78403 | => Reed (Ind /widow-Johnny) Carolyn |
| Hockema David Hadden<br>Hockema, Tippit & Escobedo L L P<br>1 Paseo Del Prado<br>Bldg 101<br>P O Box 720540<br>McAllen, TX 78504-0540 | => Hinojosa, Maria Emma* |
| Hodges Robert M<br>Wise Carter, Child & Caraway<br>P O Box 651<br>Jackson. MS 39205-0651 | => Mississippi Emergency Associates P A |
| Howell III Jesse L<br>Copeland Cook, Taylor & Bush P A<br>200 Concourse, Suite 200<br>1062 Highland Colony Parkway<br>P O Box 6020<br>Ridgeland MS 39158-6020 | => Bonners Pharmacy* |
| Hughes John F<br>Wilkins Stephens & Tipton<br>P O Box 13429<br>Jackson MS 39236-3429 | => Reid, M D  Richard |

*(Panel Attorney Service List for MDL 1 657 Continu*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Hutton, Mark B<br>Hutton & Hutton<br>P O Box 638<br>Wichita KS 67201 | => Smith, Betty S |
| Hylla, David A<br>Bilbrey & Hylla<br>8724 Pin Oak Road<br>P O Box 975<br>Edwardsville IL 62025<br>*** Bad Address *** | => Bilbrey, Patricia |
| Johnson, Dennis J<br>Johnson & Perkinson<br>1690 Williston Road<br>P.O. Box 2305<br>S Burlington VT 05403 | => Cheeseman, Sara* |
| Johnson Walter T<br>Watkins & Eager<br>P O Box 650<br>Jackson MS 39205-0650 | => G D Searle & Co ; G D Searle LLC· Monsanto Co ; Pharmacia Corp |
| Johnson III, Whitman B<br>Currie, Johnson, Griffin Gaines & Myers<br>P O Box 750<br>Jackson MS 39205-0750 | => Lee M D Charles D |
| Jones Christy D<br>Butler Snow O Mara Stevens & Cannada<br>P.O. Box 22567<br>Jackson MS 39225-2567 | => Delta Discount Drugs Inc |
| Josephson Richard L<br>Baker Botts LLP<br>One Shell Plaza<br>910 Louisiana Street<br>Suite 3000<br>Houston TX 77002-9934 | => R/D Clinical Research Inc · Resnick M D Harvey |
| Katz, Melissa C<br>Waters & Kraus<br>3219 Mckinney<br>Suite 3000<br>Dallas TX 75204 | => Barcham, Sandra· Bolen Larry; Briggs Robert; Conditt Kathy; Holland Michael; Joiner Sherri·<br>Knowles Katrina; Lenormand Pamela; Mitchell. Robert; Taucer Albert; Thompson John; Tucker Jerry |
| Kegerreis Sharon L<br>Hughes Hubbard & Reed LLP<br>201 S Biscayne Boulevard<br>Suite 2500<br>Miami FL 33131-4332 | => Publix Super Markets, Inc |
| Kennedy R Eric<br>Weisman Kennedy & Berris<br>1600 Midland Building<br>101 Prospect Avenue, West<br>Cleveland, OH 44115 | => Jones Danford K *· Jones Gilda C * |
| Kleinberg Norman C<br>Hughes Hubbard & Reed LLP | => Merck & Co Inc * |

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

One Battery Park Plaza
New York NY 10004

⇒ Meadows, James E *; Meadows Jr .James E ; Meadows June; Meadows, Stephen G

Knoll, Marjory
Law Office Of Robert J Dicello
7556 Mentor Avenue
Mentor OH 44060

⇒ Donovan Michelle

Kolman Timothy M
Timothy M Kolman And Associates
225 North Flowers Mill Road
The Shoppes at Flowers Mill
Langhorne, PA 19047

⇒ Wal-Mart Stores Inc

Lamp, Joel C
Assistant General Counsel
Tort Litigation Division Wal-Mart Stores Inc
702 S W 8th Street
Bentonville, AR 72716-0215

⇒ Mettsave Drugs; Quitman Drug Co

Land John W
Bryan Nelson Randolph & Weathers
P O Drawer 18109
Hattiesburg MS 39404-8109

⇒ Brown Bobby*· Brown Linda*; Daley (Ind /Rep /Est -Robert Deleon & Next Friend for Scott A &
Shirley Mann) Deborah*: Stubblefield (Ind /Rep /Est -Keith Jerome & Next Friend-Keith Jerome
Korietta Lashay Kendall Wayne& Kedrick Roy), Kimberly D *

Lanier W Mark
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

⇒ Community Discount Pharmacy*

Leathers Jeffrey D
Greer Pipkin Russell, Dent & Leathers
P O Box 907
Tupelo MS 38802

⇒ Schneider Sidney

Leesfield Ira H
Leesfield, Leighton Rubio & Mahfood P A
2350 South Dixie Highway
Miami FL 33133

⇒ Besaw Patrick*; Smith Henry*; Smith Mary*

Levin Arnold
Levin, Fishbein Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106

⇒ Ahl June*; Alaniz Flora*; Allen, George*; Alston Jr . John*; Anglin Helen*; Austin Nancy*; Baker,
Mary*; Baker Norma*; Baldwin Kenneth*; Banks, Judy*; Barrington Ernest*; Bell, Myrtle Louise*;
Benavides (Ind /Rep/Est -Lucia Gutierrez), Patricia*; Berry, Flora*; Bogdany Arthur*; Bridgers,
Rebecca*; Bronze Sandra*; Brooks Fredrick*; Brow Mary*; Brown, Esther*; Brown, Wattie*; Buck
Patricia*; Buckner Claude*; Bullock, Barbara*; Burk-Cameron Patricia*; Burkett (Legal
Heir/Est -Lelan Stringer) Marjorie*; Burrell Willie*; Busby-Allen, Sharla*; Butcher Shirley*; Calder
Virginia*; Camacho Maria*; Carney Homer*; Carter Andrea*; Carter Essie*; Carter, Helen Portis*;
Castro Hortensia*; Cebrum Alice*; Chambers Christopher*; Chane, Della*; Chatman Charles*;
Childress, Cynthia*; Chocolate, Belinda*; Clark Beulah*; Clark Cortrena*; Clark Delores*; Clark
Mary*; Clayton. Marsha*; Cluff, Anna*; Coleman Lula*; Combs David*; Cooper Roberts*;
Coppedge Darryle*; Crick, Kimberly*; Cruz. Esperanza*; Cryer Becky*; Dahl, David*; De La Rosa,
Odilla*; Deainza Barbara*; Denny, Jeffrey L *; Denny Molly J *; Diaz Mary*; Duncan Shirley*;
Elam Claudia*; England James*; Fischbach Arleigh*; Flaniken Betty*; Forbes James*; Foward Joe*;

Lewis, Carlene Rhodes
Goforth Lewis, Sanford LLP
1111 Bagby
Suite 2200
Houston TX 77002

*(Panel Attorney Service List for MDL 1 657 Continu*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

Futrell, Sharon*; Gajdosik. Margaret*; Garrett. Manicka*; Garza Jorge*; Garza, Linda*; Garza Manuel*; Garza Pauline*; Geryak Janie*; Gilmore, Bobbie*; Glaspie Precious*; Goss Garcia*; Graves, Mark*; Gray Marvinette*; Griggsby; Tenya*; Guzman Beatriz*; Haddox Gracie*; Hafemann Donald*; Hannah Reba*; Hannah, Sandra*; Hardin Larry*; Harrell Regina*; Harris Richard*; Harris Sandra*; Harris, Vivian*; Haynes Lloyd*; Heirs/Est -Pablo Flores*; Hermis Lawrence*; Hernandez Ana*; Hervey. George*; Hess Kenneth*; Hill Kristy*; Hodges Alvin*; Hogue Thelma*; Holland Wanda*; Hopson (Ind /Rep /Est -Kay Faubion) Joe*; Howard Annice*; Hubbs Judy*; Hutson Jerry*: Jackson, Ella*: Jackson. Esther*; Jackson, Lendia*; James Tracy*; Jobe. Charles*: Johnson Willie*; Jones Terryl*; Kenne. Gordon*; King Patricia*· Knox Mary*; Kolak Alexander*· Lane Sr Prentice*; Lawson, Elva*; Lee Gary*; Lerma, Clemente*; Leslie Doris*: Leveen Jay*; Lewe Doris Jean*; Lewis Crystal*; Lise, Joyce*; Logsdon Ernest*; Lovvorn. Jesse*; Lucas Stephen*; Mallet Anthony J *· Mallet Priscilla G *: Mankarious Rifaat*; Manning Rosie*; March. Alicia*: Martin Georgia*; Martinez Willie*; Mauldin, Mary*; Mayberry Janice*; Mayo Veronica*; McCleveland Kym*; McGathon, Myrtle*; McMillian. Opal*; McNualty Sharon*; Miller Grunetta*; Molina Euardo*; Moore, Sharon*; Moreno Jesus*; Morris Gerald*; Morton David*; Mowery Ricky*; Murphy Mary*; Myer. Margaret Pearson*; Nelson Rubie*; Newell Carol*; Newton. Mary*: Nichols Fredrick*; Oliver Rena*; Owen III David*; Parker Jessie*; Parks, Dorothy*; Parks Margaret*· Patterson. Steven*; Phelan, Claudia*; Phillips. Laura M *; Pikul (Adm /Est -Paul). Thomas Joseph*; Platt Jr Alvin*; Posada. Maria*; Powers Gail*; Pradia. Carolyn*; Punch Vivian*· Pyron. Marshall*; Rady Jean*; Ramirez Josefa*; Ray Sr. Darrell*; Reyna Pete*; Reynolds Lori*; Rhodes Brian*; Rhodes George*; Richter Mary*; Rivera Epifanio*; Roberts Katherine*; Roberts Lorna*· Robertson, Teddy*; Robinson Lonnie*; Robinson Oscar*; Rodriguez, Dorothy*· Rodriguez Jose*; Rodriguez, Vivian*· Rogers Hank*; Ross. Larry*; Ross Olga*; Ross Sonsuray*; Royston Trina*; Russell Shelvy*; Saylor Richard*; Schuhrke Nora*; Seago Buncy*; Shah Ahmed*; Shields Marie*; Simmons Robert*; Simpson Ovie*; Simpson Patricia*; Skipworth Billy*; Small Weavis*; Smith Georgia*; Smith Melody*: Sorge Charles*; Steard Sheilah*; Stech. Richard*; Taylor Jimmy*; Taylor Susan*· Taylor Tammy*; Taylor-Beck. Dimitri*· Teagve James*; Thomas Gerladine*; Thomas Jr Clifton*; Thomas Leslie*; Thompson Ray*; Tucholski Ernest*; Wallace Lamar*; Ward George*· Ward Willie*; Wardlow. Willard*; Watson Jummy*; Watson Lonzine*; Wiley Littie*· Williams Belinda*; Williams Charlotte*; Williams Josephine*; Williams Theresa*; Wilson John*; Wofford Diane*; Wood, Carol*; Woodall Phyllis*· Worsley. Fred*; Wright Alice*; Yarbrough Brenda*; Yong Cha Page*

| | |
|---|---|
| Lietz David K<br>Coale Cooley Lietz McInerny & Broadus<br>818 Connecticut Avenue<br>Suite 857<br>Washington DC 20006 | => Gerber Ellen B *; Gerber Melvin* |
| Lockridge, Richard A<br>Lockridge, Grindal & Nauen P L L P<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis MN 55401-2179 | => Homister, Shirley |
| Luckett Jr William O<br>Luckett Law Firm<br>P O Drawer 1000<br>Clarksdale MS 38614-1000 | => Kroger Co |
| Malone Patrick A<br>Stein. Mitchell & Mezines<br>1100 Connecticut Avenue, N W<br>Suite 1100<br>Washington DC 20036 | => Jeffers, Barbara Ann: Jeffers  Daniel Martin |
| Matthews David P<br>Abraham Watkins Nichols Sorrels Matthews & Friend | => Gilmore Charles C *; Hale Donna*; Stout. John R *; White. Johnny*; Young Bernadette* |

Note: Please refer to the report title page for complete report scope and key

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| 800 Commerce Street<br>Houston TX 77002-1776 | |
| McClain Kenneth B<br>Humphrey Farrington & McClain P C<br>221 West Lexington<br>Suite 400<br>Independence MO 64050 | => Nevels Caroline* |
| McNamara J Leray<br>Copeland Cook Taylor & Bush P A<br>200 Concourse Suite 200<br>1062 Highland Colony Parkway<br>P O Box 6020<br>Ridgeland MS 39158-6020 | => Ball M D . David*; Barr. M D . William*; Hammock M D , B I ; Hassell John F ; Line, M D . Lance*;<br>Liverman, Steven B *; Newell M D  Bruce*; Peeler, M D . J G *; Smith  M D . Randall; Weiss David<br>C *; Windham  M D   Thomas* |
| Meaders  Kim M<br>Crouch & Ramey<br>1445 Rose Avenue<br>Ste 2300<br>Dallas  TX 75202 | => Alford s Pharmacy* |
| Merkel  Charles M<br>Merkel & Cocke<br>P O Box 1388<br>Clarksdale MS 38614-1388 | => Shannon  Frances |
| Milam  S  Kirk<br>Hickman. Goza & Spragins Pllc<br>P O Drawer 668<br>Oxford  MS 38655-0668 | => Gunn, M D  Susan*; Gunn  Susan*; McIntosh  M D  Cooper A * |
| Milavetz  Allen Scott<br>Milavetz Gallop & Milavetz<br>6500 France Avenue, South<br>Edina  MN 55435 | => Burris  Jr  Lowell |
| Miller. Mason L<br>Getty & Mayo P L L C<br>1900 Lexington Financial Center<br>250 W  Main Street<br>Lexington KY 40507 | => Getty Richard J *; Stamper. Della* |
| Minor  Daniel<br>1032 Cardinal Dr<br>Waco. TX 76712 | => Minor  Daniel |
| Minor. Steven R<br>Elliott Lawson & Minor  PC<br>P O Box 8400<br>Bristol  VA 24203-8400 | => Amerisource Corp *#; AmerisourceBergen Corp  fdba AmeriSource Corp |
| Moirano. Michael H<br>Nisen & Elliott<br>200 West Adams Street<br>Suite 2500<br>Chicago  IL 60606 | => Oswald  Constance* |
| Mousseau  Geoffrey C<br>Mousseau & Associates | => Ashman  Charles* |

**ATTORNEY - FIRM**        **REPRESENTED PARTY(S)**

1421 Valverde Place
Suite B
Glendale CA 91208

Mulhern Edwin T                    ⇒ Mell Alan
Huwel & Mulhern
11 New Hyde Park Road
Frank Square NY 11010

Murray Stephen B.                  ⇒ Gottsegen M D  Warren L *; Gregory Jr  William B *
Murray Law Firm
909 Poydras Street
Suite 2550
New Orleans LA 70112-4000

Nast Dianne M                      ⇒ Engle (Ind /Adm /Est -Louise)  Fred S *
Roda & Nast P C
801 Estelle Drive
Lancaster PA 17601

Naylor Eugene R                    ⇒ Patel M D  Pravin
Wise. Carter Child & Caraway
600 Heritage Bldg
401 East Capitol St
P O Box 651
Jackson MS 39205-0651

O Malley Richard F                 ⇒ G D Searle & Co *; Pfizer Inc *; Pharmacia Corp *
Sidley Austin Brown & Wood
10 South Dearborn Street
Suite 48 Southeast
Chicago IL 60603

Owen Gregory J                     ⇒ Baca. Richard David*; Berchtold Don*; Cole Sally*; De Luca Barbara*· Evans Charles*; Giles
Owen Patterson & Owen                 Stan*; Goodell Margaret Helen*; Gunn Leroy*; Holley (Heir-Audrey L Piscitello) Alison*·
23822 West Valencia Blvd              Householder Betty*; Jackson Yvonne O *; Piscitello (Heir-Audrey L ) Clement*; Reagan Gorman*,
Suite 201                             Safford Joyce Crawford*; Salt Della Jo*; Sieper (Heir-Audrey L Piscitello) Meredith*; Winward
Valencia CA 91355                     Kenneth C *; Wright Ward*

Pearson Thomas Jack                ⇒ Allen, Gloria*; Jones. Rena*; Lewis (Ind /Next Friend-Tricnida & Quenida) Brenda*; Lewis (Ind /Next
Pearson & Campbell. P C               Friend-Tricnida & Quenida) Darylene*· Painton, Billie*; Painton Jack*; Richard Calvin*; Richard.
2394 Calder Avenue                    Ervin*; Richard. Kernis*; Richard Larry*; Richard Lon*; Richard, Lovincy*
Beaumont. TX 77702

Piper Jr Robert E                  ⇒ Bates, Catherine; Bates Leroy: Burns Annie; Burns Lendell; Butler. Mary; Butler Maynard; Evans.
Piper & Associates                    Garnett; Evans Marion; Harper Josephine: McKnight Vaughn; Sadler. Leona; Tice Martha; Tice
624 Pierre Avenue                     William; Wright, Frances; Wright Herchial
P O Box 69
Shreveport LA 71103

Pitre Frank M                      ⇒ Brass Jeffrey; Taylor Patricia A ; Tokes Kathy
Cotchett Pitre Simon & McCarthy
San Francisco Airport Office Center
Suite 200
840 Malcolm Road
Burlingame CA 94010

Pope Geoffrey Edward               ⇒ Strickland. Edna
Doffermyre Shields Canfield Knowles & Devine
1355 Peachtree Street N E

*(Panel Attorney Service List for MDL 1 657 Contint)*                                    Page 11

## ATTORNEY - FIRM                    REPRESENTED PARTY(S)

1600 The Peachtree
Atlanta, GA 30309-3269

Price Henry J                          ═> Baum Janice; Briner (Per /Rep /Est -Phyllis). Darai; Henderson, Kevin; Portillo (Ind /Heir-Elvira M
Price Potter Jackson, Waicukauski & Mellowitz    Pena) Ruben: Van Jelgerhuis Kimberly
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis IN 46204

Quetglas-Jordan Eric M                 ═> Gonzalez. Hilda Rita; Gonzalez Robert A ; Gonzalez-Arias Rafael*
Quetglas Law Offices
P O Box 16606
San Juan PR 00908-6606

Robb William R                         ═> Young (Ind /Next Friend-Steven/Adm /Est -Lisa), Russell
Aleshire Robb & Sivils P C
901 St Louis Street
Suite 1600
Springfield MO 65806

Rowland Robert D                       ═> Ellis John*
2227 South State Route 157
Edwardsville IL 62025

Ruiz. John H                           ═> Abraham Josefa*· Alcarez Maria P *; Andino Jose*
Law Office of John H Ruiz
5040 N W 7th Street
Suite 920
Miami FL 33126

Rynecki Scott                          ═> Aiken (Adm /Est -Mary & Kenneth) Elizabeth; Covington Jerome: Davis. Laney C
Rubenstein & Rynecki
16 Court Street
Suite 1717
Brooklyn NY 11241

Saia Stephen V                         ═> Saia Frank R *
Law Offices of Stephen V Saia
70 Old Cart Path Lane
Pembroke. MA 02359

Schwebel Paul R M                      ═> Morrison (By his Per /Representative Patricia L ) Lowell D
5657 Rundle Court
Indianapolis IN 46220

Scott Stuart E                         ═> Moldovan Gregory*; Moldovan Wanda*
Spangenberg Shibley & Liber LLP
2400 National City Center
1900 East 9th Street
Cleveland OH 44114

Seeger Christopher A                   ═> Brown Clairse; Hanson. William*; Pagan Carmen M ; Watson (Ind /Adm /Est -Willie Jr ) Roberta*
Seeger Weiss LLP
One William Street
10th Floor
New York NY 10004-2502

Simon, Jeffrey B                       ═> Bias Byron; Vamado Carolyn
Waters & Kraus
3219 McKinney Avenue

---
Note: Please refer to the report title page for complete report scope and key

*(Panel Attorney Service List for MDL-1657 Continu*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 3000<br>Dallas, TX 75204 | |
| Smith David Neil<br>Nix Patterson & Roach LLP<br>205 Linda Drive<br>Dangerfield TX 75638 | => Williamson (Ind /Next friend-Courtly & Herman) Marian |
| Smith Deanna Dean<br>Ebanks Smith & Carlson LLP<br>1401 McKinney<br>Suite 2500<br>Houston TX 77010-4034 | => Truitt M D Norman |
| Snapka Kathryn A<br>Snapka Turman & Waterhouse LLP<br>606 N Carancahua Suite 1511<br>P O Drawer 23017<br>Corpus Christi TX 78403 | => Benavides (Ind /Per /Est -Juan) Patricia*; Sandoval Audona |
| Specter Shanin<br>Kline & Specter<br>1525 Locust Street<br>19th Street<br>Philadelphia PA 19102 | => Sirota Merrick*; Sirota Michele* |
| Stacy Robert F<br>Daniel Coker Horton & Bell<br>P O Box 1084<br>Jackson MS 39215-1084 | => Don s Pharmacy· Woods Drug Store |
| Steward John S<br>Meyerkord and Steward<br>2525 South Brentwood Boulevard<br>Suite 102<br>St Louis MO 63144 | => Perkins Janice |
| Sullivan, Robert G<br>Sullivan Papain Block, McGrath & Cannavo<br>120 Broadway<br>18th Floor<br>New York NY 10271 | => Wright Dawn; Wright Lawrence |
| Thomas, Casandra F<br>514-C Woodrow Wilson Avenue<br>Jackson MS 39213 | => Thomas Cassandra Faye |
| Tisi Christopher V<br>Ashcraft & Gerel<br>2000 L Street NW<br>Suite 400<br>Washington, DC 20036 | => Biles, Melvin*; Edler (Ind /Per /Rep /Est -William Dale & behalf-wrongful death beneficiaries-William<br>Dale Gail Lynne & Shawn C ) Lindsey*; Morris. Jr. David* |
| Wade Jr Lawrence D<br>Campbell DeLong Hagwood & Wade<br>P O Box 1856<br>Greenville MS 38702-1856 | => Petilos M D Salvador; Waller. M D Richard E |
| Walker Chris J<br>Markow Walker. P A | => Stone M D Deck; Weiner Roger |

Note: Please refer to the report title page for complete report scope and key

*(Panel Attorney Service List for MDL 1 657 Contin*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| P O Box 13669<br>Jackson MS 39236-3669 | |
| Walker Thomas E<br>Johnston Barton Proctor & Powell<br>2900 AmSouth/Harbert Plaza<br>1901 6th Avenue North<br>Birmingham AL 35203 | ⇒ Harlan Gary: Wall, Robert |
| Watson, Leila H<br>Cory Watson Crowder & DeGaris P C<br>2131 Magnolia Avenue<br>P O Box 55927<br>Birmingham AL 35255-5972 | ⇒ Wilson Danny M |
| Weaver Jennifer Fadal<br>1305 Fossel Ridge Trial<br>Waco TX 76712 | ⇒ Weaver Jennifer Fadal |
| Weiner, Richard J<br>Law Offices Of Richard J Weiner. P C<br>119 Rockland Center<br>Suite 425<br>Nanuet NY 10951 | ⇒ Quick, Anna |
| Weisbrod, Leslie<br>Morgan & Weisbrod<br>11551 Forest Central Drive<br>Suite 300<br>Dallas TX 75243 | ⇒ Register Anne; Register Jack A |
| Welch III Jewell E<br>Cunard Reis Law Firm<br>9214 Interline Avenue<br>Baton Rouge. LA 70809 | ⇒ White Vicki |
| Weston John K<br>Sacks Weston Smolinksy Alberi & Luber<br>510 Walnut Street<br>Suite 400<br>Philadelphia PA 19106 | ⇒ Carr. Gwendolyn L * |
| Wright James L<br>Mithoff & Jacks<br>1 Congress Plaza<br>111 Congress Avenue<br>Suite 1010<br>Austin TX 78701-0001 | ⇒ Bauman (Ind /Rep /Est -Elsie Geneva) Larry Lee; Bauman, III (Ind /Rep /Est -Elsie Geneva) Ernest<br>Charles; Clay (Ind /Rep /Est -Elsie Geneva Bauman), Leslie Lynn Bauman; Mincher<br>(Ind /Rep /Est -Elsie Geneva Bauman). Kelly; Moses (Ind /Rep /Est -Elsie Geneva) Mary Carla; Tolbertt<br>(Ind /Rep /Est -Elsie Geneva Bauman) Lisa Bauman |
| Zonas. James John<br>James J Zonas Attorney at Law<br>700-2nd Avenue North<br>Suite 102<br>Naples FL 34102 | ⇒ Dunleavey (By & Through/Per /Rep /Est -Edward) Frances |

Nadeem Haider
606 N. Jefferson St.
Louisville, MS 39339

Barbara J. Hart
Goodkind,Labaton,Rudoff & Sucharow
100 Park Ave., 12th Floor
New York, NY 10017-5563

Steven L. Russell
Beirne,Maynard & Parsons
1700 Pacific Ave, Ste 4400
Dallas,TX 75201

# EXHIBIT B

# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

May 10, 2005

<u>VIA FEDERAL EXPRESS</u>

Michael J. Beck, Esq.
Catherine Maida
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:     In re: VIOXX® Products Liability Litigation, MDL
Docket No. 1657

Dear Sir and Madam:

Pursuant to J.P.M.L. Rule 7.5(e), Merck hereby notifies the Panel of potential "tag-along actions." This letter is Merck's twenty-sixth notification of potential "tag-along actions" and includes cases that have been filed in or removed to federal court since May 6, 2005. Courtesy copies of the complaints and docket sheets for the following actions are enclosed.

1. *Gramlich v. Merck & Co., Inc.*, C.A. No.3:05-cv-01839 (N.D. Cal.)
2. *Martin et al v. Merck & Co., Inc.*, C.A. No. 3:05-cv-01838 (N.D. Cal.)
3. *Harvey v. Merck & Co., Inc.*, C.A. No. 05-cv-961 (S.D. Cal.)
4. *Lane v. Merck & Co., Inc.*, C.A. No. 2:05-cv-00202 (M.D. Fla.)
5. *Commonwealth Care Alliance et al v. Merck & Co., Inc.*, C.A. No. 1:05-cv-10931 (D. Mass.)
6. *Couch et al v. Merck & Co., Inc.*, C.A. No. 1:05-cv-00301 (S.D. Ohio)
7. *Drum v. Merck & Co., Inc.*, C.A. No. 2:05-cv-00330 (S.D. Ohio)
8. *Bianchino et al v. Merck & Co., Inc.*, C.A. No. 2:05-cv-02204 (E.D. Penn.)
9. *Pierson et al v. Merck & Co., Inc.*, C.A. No. 2:05-cv-02156 (E.D. Penn.)
10. *Lewis v. Merck & Co., Inc.*, C.A. No. 4:05-cv-00934 (M.D. Penn.)
11. *Burke v. Merck & Co., Inc.*, C.A. No. 1:05-cv-00112 (E.D. Tenn.)

There are three new cases filed in the transferee court.

1. *Carter v. Merck & Co., Inc.*, C.A. No. 2:05-cv-01689 (E.D. La.)

47, Avenue Georges Mandel          1775 I Street, N.W.          350 South Grand Avenue          201 South Biscayne Boulevard          Akasaka Tokyu Building 6F          101 Hudson Street
75116 Paris, France                Washington, D.C.             Los Angeles, California          Miami, Florida                      2-14-3 Nagata-cho, Chiyoda-ku       Jersey City, New Jersey
(33) (1) 44.05.80.00               20006-2401                   90071-3442                       33131-4332                          Tokyo 100-0014 Japan                07302-3918
                                   202-721-4600                 213-613-2800                     305-358-1666                        (81) (3) 3539-2771                  201-536-9220

Hughes Hubbard & Reed LLP

    2.  *Gaspard v. Merck & Co., Inc.,* C.A. No. 2:05-cv-01700 (E.D. La.)
    3.  *White et al v. Merck & Co., Inc.,* C.A. No. 2:05-cv-01656 (E.D. La.)


                     Respectfully submitted,

                     Leslie M. Ballantyne


Enclosures

# EXHIBIT C

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 FEB 18  AM 10: 35

LORETTA G WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: VIOXX | : MDL NO 1657 |
| PRODUCTS LIABILITY LITIGATION | : |
|  | : SECTION: L |
|  | : |
|  | : JUDGE FALLON |
|  | : MAG JUDGE KNOWLES |
|  | : |

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER #1
**Setting Initial Conference**

It appearing that civil actions listed on Schedule A, attached hereto, which were

transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its

order of February 16, 2005, merit special attention as complex litigation, it is, therefore,

ORDERED that:

1    APPLICABILITY OF ORDER---Prior to the initial pretrial conference and entry

of a comprehensive order governing all further proceedings in this case, the provisions of this

Order shall govern the practice and procedure in those actions that were transferred to this Court

by the Judicial Panel on Multi District Litigation pursuant to its order of February 16, 2005 listed

on Schedule A  This Order also applies to all related cases filed in all sections of the Eastern

District of Louisiana and  will also apply to any "tag-along actions" later filed in, removed to, or

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No _____

DATE OF ENTRY

FEB 1 8 2005

transferred to this Court

2    CONSOLIDATION---The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3    DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--- Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on Friday, March 18, 2005 at 9:00 a m in Judge Eldon E Fallon's courtroom, Room 468, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22 6, 22 61, 22 62, and 22 63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions If the parties have any suggestions as to any case management orders or additional agenda items, these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by March 11, 2005.

4       POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court by
March 11, 2005 a brief written statement indicating their preliminary understanding of the facts
involved in the litigation and the critical factual and legal issues  These statements will not be
filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be
offered in evidence against a party in later proceedings  The parties' statements shall list all
pending motions, as well as all related cases pending in state or federal court, together with their
current status, including any discovery taken to date, to the extent known  The parties shall be
limited to one such submission for all plaintiffs and one such submission for all defendants

5       APPEARANCE---Each party represented by counsel shall appear at the initial
pretrial conference through their attorney who will have primary responsibility for the party's
interest in this litigation  Parties not represented by counsel may appear in person or through an
authorized and responsible agent  To minimize costs and facilitate a manageable conference,
parties with similar interests may agree, to the extent practicable, to have an attending attorney
represent their interest at the conference  A party will not by designating an attorney to represent
its interest at the conference be precluded from other representation during the litigation, nor will
attendance at the conference waive objections to jurisdiction, venue or service

6       SERVICE---Prior to the initial pretrial conference, service of all papers shall be
made on each of the attorneys on the Panel Attorney Service List attached hereto and designated
as Schedule B  Any attorney who wishes to have his/her name added to or deleted from such
Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons
on such service list  The parties shall present to the Court at the initial conference a list of
attorneys and their office addresses and E-mail addresses

-3-

7.  EXTENSION AND STAY---The defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

8   MASTER DOCKET FILE---The Clerk of Court will maintain a master docket case file under the style "In Re: VIOXX Products Liability Litigation" and the identification "MDL No. 1657 ". When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to" The following is a sample of the pleading style:

In Re: VIOXX                                         MDL No  1657
      Products Liability Litigation
                                                     SECTION: L

This Document Relates to:                            Judge Fallon
                                                     Mag. Judge Knowles

9    FILING---Until electronic filing is instituted in the Eastern District of Louisiana, a signed original of any pleading or paper together with the number of copies set forth in the Local Rules is all that need be filed. The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be filed in the master file.

10   DOCKETING---When an action that properly belongs as a part of <u>In Re: VIOXX</u> <u>Products Liability Litigation</u> is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

a    File a copy of this Order in the separate file for such action;

b    Make an appropriate entry on the master docket sheet;

c    Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

d    Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order

11   APPEARANCES---Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court  Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83 2 6E  and 83 2 7 are waived  Association of local counsel is not required

12   REMAND STIPULATIONS---In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand

13   PRESERVATION OF EVIDENCE---All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action  The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess

-5-

materials reasonably anticipated to be subject to discovery in this action   "Documents, data, and

tangible things" is to be interpreted broadly to include writings, records, files, correspondence,

reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail,

telephone message records or logs, computer and network activity logs, hard drives, backup data,

removable computer storage media such as tapes, discs and cards, printouts, document image

files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders,  invoices,

bills,  vouchers,  checks statements,  worksheets,  summaries,  compilations,  computations,

charts,  diagrams,  graphic presentations,  drawings,  films,  charts, digital or chemical process

photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings

and notes, studies or drafts of studies or other similar such material   Information that serves to

identify, locate, or link such material, such as file inventories, file folders, indices, and metadata,

is also included in this definition.   Until the parties reach an agreement on a preservation plan or

the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data

and tangible things containing information potentially relevant to the subject matter of this

litigation  Counsel is under an obligation to the Court  to exercise all reasonable efforts to

identify and notify parties and nonparties, including employees of corporate or institutional

parties.

     14   `` FILING OF DISCOVERY REQUESTS---In accordance with Rule 5(d) of the

Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the

Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the

extent needed in connection with a motion

15.    LIAISON COUNSEL---<u>Prior</u> to the initial conference, counsel for the plaintiffs
and counsel for the defendant shall, to the extent they have not already done so, confer and seek
consensus on the selection of a candidate for the position of liaison counsel for each group who
will be charged with essentially administrative matters  For example, liaison counsel shall be
authorized to receive orders and notices from the Court on behalf of all parties within their
liaison group and shall be responsible for the preparation and transmittal of copies of such orders
and notices to the parties in their liaison group and perform other tasks determined by the Court
Liaison counsel shall be required to maintain complete files with copies of all documents served
upon them and shall make such files available to parties within their liaison group upon request
Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi
District Litigation pursuant to Rule 5 2(e) of the Panel's *Rules of Procedure* or from the
transferee court on behalf of all parties within their liaison group and shall be responsible for the
preparation and transmittal of copies of such orders and notices to the parties in their liaison
group  The expenses incurred in performing the services of liaison counsel shall be shared
equally by all members of the liaison group in a manner agreeable to the parties or set by the
Court failing such agreement  Appointment of liaison counsel shall be subject to the approval of
the Court  At the first conference liaison counsel and/or the parties should be prepared to discuss
any additional needs for an organizational structure or any additional matters consistent with the
efficient handling of this matter

16. PLAINTIFFS' STEERING COMMITTEE---It is the Court's intent to appoint a
Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this
litigation with the defendant's representatives or committee  Applications/nominations for the

PSC positions must be filed as an original and one copy with the Eastern District of Louisiana's

Clerk's Office on or before Monday, March 28, 2005  A copy must also be served upon counsel

named in the attached list on the day of filing.  The main criteria for membership in the PSC will

be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work

cooperatively with others; and (c) professional experience in this type of litigation

Applications/nominations should succinctly address each of the above criteria as well as any

other relevant matters  No submissions longer than three (3) pages will be considered  The

Court will only consider attorneys who have filed a civil action in this litigation

Objections may be made to the appointment of a proposed applicant/nominee

Nevertheless, the Court will entertain only written objections to any application/nomination.

These must be filed with the Clerk in an original and one copy on or before April 4, 2005  The

objections, if there be any, must be short, yet thorough, and must be supported by necessary

documentation.  As with the application/nomination, any objection must be served on all counsel

appearing on the attached list on the day of filing

The PSC will have the following responsibilities:

Discovery

(1)   Initiate, coordinate, and conduct all pretrial discovery on behalf of

plaintiffs in all actions which are consolidated with the instant multi

district litigation

(2)   Develop and propose to the Court schedules for the commencement,

execution, and completion of all discovery on behalf of all plaintiffs

(3)   Cause to be issued in the name of all plaintiffs the necessary discovery

requests, motions, and subpoenas pertaining to any witnesses and

documents needed to properly prepare for the pretrial of relevant issues

found in the pleadings of this litigation  Similar requests, notices, and

subpoenas may be caused to be issued by the PSC upon written request

by an individual attorney in order to assist him/her in the preparation of the

pretrial stages of his/her client's particular claims

(4)    Conduct all discovery in a coordinated and consolidated manner on behalf

and for the benefit of all plaintiffs   No attorney for a plaintiff may be

excluded from attending the examination of witnesses and other

proceedings  Such attorney may suggest questions to be posed  to

deponents through the designated PSC members provided

that such questions are not repetitious

Hearings and Meetings

(1)    Call meetings of counsel for plaintiffs for any appropriate purpose,

including coordinating responses to questions of other parties or of the

Court  Initiate proposals, suggestions, schedules, or joint briefs, and any

other appropriate matter(s) pertaining to pretrial proceedings

(2)    Examine witnesses and introduce evidence at hearings on behalf of

plaintiffs

(3)    Act as spokesperson for all plaintiffs at pretrial proceedings and in

response to any inquiries by the Court, subject of course to the right of any

plaintiff's counsel to present non-repetitive individual or different

-9-

positions

Miscellaneous

(1)    Submit and argue any verbal or written motions presented to the Court or

Magistrate on behalf of the PSC as well as oppose when necessary any

motions submitted by the defendant or other parties which involve matters

within the sphere of the responsibilities of the PSC

(2)    Negotiate and enter into stipulations with Defendants regarding this

litigation. All stipulations entered into by the PSC, except for strictly

administrative details such as scheduling, must be submitted for Court

approval and will not be binding until the Court has ratified the

stipulation  Any attorney not in agreement with a non-administrative

stipulation  shall file with the Court a written objection thereto within ten

(10) days after he/she knows or should have reasonably become aware of

the stipulation  Failure to object within the term allowed shall be deemed

a waiver and the stipulation will automatically be binding on that party

(3)    Explore, develop, and pursue all settlement options pertaining to any claim

or portion thereof of any case filed in this litigation

(4)    Maintain adequate files of all pretrial matters and have them available,

under reasonable terms and conditions, for examination by Plaintiffs or

their attorneys.

(5)    Prepare periodic status reports summarizing the PSC's work and progress

These reports shall be submitted to the Plaintiffs' Liaison Counsel who

will promptly distribute copies to the other plaintiffs' attorneys

(6)   Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders

(7)   Perform such other functions as may be expressly authorized by further orders of this Court.

(8)   Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing

17    COMMUNICATION WITH THE COURT---Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel  Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendant's counsel is essential for the orderly and expeditious resolution of this litigation  The communication of information among and between plaintiffs' counsel and among and between defendant's counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine

New Orleans, Louisiana, this _17_ day of _February_ 2005

_[signature]_

ELDON E FALLON
UNITED STATES DISTRICT JUDGE

Attachments

-11-